Argued September 14, affirmed November 1, 1977

PACIFIC ENGINEERING CORPORATION,
*Appellant,*

*v.*

EVANS PRODUCTS COMPANY, *Respondent.*

(TC 417-635, SC 24721)

570 P2d 655

Marshall C. Cheney, of Gearin, Cheney, Landis, Aebi & Kelley, Portland, argued the cause and filed the briefs for appellant.

Bruce M. Hall, of Bruce MacGregor Hall, P.C., Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue and Lent, Justices, and Gillette, Justice Pro Tempore.

TONGUE, J.

**TONGUE, J.**

This is an action by a consulting engineering firm for $14,584 as the balance due to it for the reasonable value of services performed in the design of a board handling system for one of defendant's plants. Defendant admitted by answer the performance of some services, for which plaintiff had been paid $5,964, but denied liability for further payments and counterclaimed for $43,536 as damages for breach of contract. The case was tried to the court without a jury. Plaintiff appeals from a judgment denying recovery on its claim and awarding $41,119.70 to defendant on its counterclaim.

In this case the contract for plaintiff's services was cancelled by defendant for alleged breach of that contract by the plaintiff before the completion of such services. The parties do not disagree upon the rule of law that is applicable in such a case. Indeed, both parties cite and quote from our decision in *Trachsel v. Barney,* 264 Or 29, 503 P2d 696 (1972), in which we held (at 34) that:

> "The right to recover for part performance is not restricted to those cases where the other party has breached the contract. We have held in *Rose v. U.S. Lumber & Box Co.,* 108 Or 237, 246, 215 P 171 (1923) and in *Bradfield v. Bollier,* 169 Or 425, 432, 433, 128 P2d 942 (1942), that a party may recover the reasonable value of material furnished and work performed although he himself did not comply with the contract so long as his abandonment or breach of the contract was not wilful. The right to recover the reasonable value is subject to the qualification that the work performed be 'of value' to the owner, as in *Rose,* or that it be 'substantially beneficial' to the owner, as mentioned in *U.S. Fidelity.*"

In a footnote to the statement of that rule the following qualification was stated:

> "The rule allowing the contractor to recover for the reasonable value of work performed is qualified by the principle that the owner is entitled to counterclaim for any damages suffered as a result of the other's failure to

completely perform. *Rose v. U.S. Lumber & Box Co.,* 108 Or 237, 247, 215 P 171 (1923). * * *."

The parties disagree, however, upon the application of that rule to the facts of this case and, in particular, upon the sufficiency of the evidence to establish the allegations of plaintiff's complaint seeking recovery for the reasonable value of its services and the sufficiency of the evidence to support the allegations of defendant's counterclaim seeking recovery of damages for plaintiff's failure to completely perform.

■ Plaintiff contends the trial court erred in finding that plaintiff had not established the material allegations of its complaint and in finding that defendant had established the material allegations of its counterclaim. Because this is an action at law we must affirm the findings and judgment of the trial court if supported by any substantial evidence. *Wagner v. Savage, as Adm'r,* 195 Or 128, 141, 244 P2d 161 (1952).

■ It would serve no useful purpose to summarize the facts of this case or the evidence offered by the plaintiff in support of its complaint and by the defendant in support of its counterclaim. We have reviewed the record, including the testimony offered by both parties. We find that there was a conflict in the testimony on a number of important points. It may be that plaintiff offered sufficient testimony, if believed, to establish the material allegations of its complaint and to require a denial of defendant's counterclaim for damages for breach of contract. The trial court, however, was not required to believe all of such testimony, particularly on points involving conflicts with testimony offered by defendant, but was entitled to disbelieve that testimony.

One of the crucial issues was whether plaintiff breached the contract by failing to complete the work required by the contract within the time specified by it for the completion of such work. Plaintiff contends that "the evidence is undisputed" that the completion date of August 15, 1975, for its services "was waived."

Defendant, however, offered testimony that the completion date for all of plaintiff's services was not "waived," but was only "extended" to August 28, 1975, and that plaintiff's services were not completed by that date.

Another important issue involved the reasonable value of plaintiff's services. Again, there was a conflict of testimony whether plaintiff's services, including engineering design work, was completed and done properly, as testified by plaintiff's witness, or whether some of such work was not completed and other work was not done properly, as testified by defendant's witnesses.

Still another important issue upon which there was conflict in the testimony was whether, because of plaintiff's breach of its contract, defendant was required to engage an "outside contractor" and to pay overtime and rental expenses in order to meet its project completion deadline and, if so, the extent and amount of the resulting damage.

■ After reviewing the record, we are satisfied that the trial court was entitled to disbelieve plaintiff's testimony and to believe defendant's testimony on these and other crucial issues and that there was substantial evidence to support the findings of the trial court against plaintiff on its complaint and in favor of defendant on its counterclaim.

■■ Plaintiff's remaining assignments of error are that the trial court erred in failing to sustain objections to two exhibits offered by defendant, consisting of schedules summarizing expenses incurred by defendant and invoices for particular items of expense. Plaintiff contends that these exhibits were not admissible "under a plea of general damages" because such expenses were "not foreseeable expenses causally related to any alleged breach of contract by plaintiff,"

but "fall within the realm of special damages," to be "specially pleaded."[1]

At the time of trial, however, the objection made to one of these exhibits, which included numerous invoices and vouchers, was that they "cover various things, but they aren't in any way connected up with the figures involved in the counterclaim." That objection by plaintiff to that exhibit was overruled by the trial court upon the condition that "you will clarify this with other testimony." Defendant's witness then testified at some length, without objection, explaining the method of computing the amount of damages alleged in defendant's counterclaim, as set forth in a schedule which was then the subject of a subsequent objection by plaintiff that "I don't think the computation of figures is relevant, as far as damages for the counterclaim" and that "this engineering work * * * to design and fabricate something different and outside the design parameter that Pacific Engineering was asked to perform, * * * would be of no moment in this proceeding."

Plaintiff contends that these objections were sufficient to include its present contention that such damages were not "foreseeable" and must be pleaded as special damages, rather than as general damages.

First of all, it may be doubted whether plaintiff's objections satisfied the requirement that objections to

---

[1] In support of this contention plaintiff quotes as follows from *Parker v. Harris Pine Mills, Inc.,* 206 Or 187, 207-08, 291 P2d 709 (1955):

"In reading the complaint, however, it becomes obvious that such a case is not presented by the allegations therein. In fact *it would be difficult, if not impossible, for the defendant, from a reading of this pleading alone, to determine just what the plaintiff actually had in mind as a basis for recovery.* * * * (Emphasis ours)

"* * * The pleader has failed to distinguish between what are termed by the law 'general damages,' those naturally and *necessarily* resulting from a breach of the contract, and 'special damages,' or those *naturally but not necessarily resulting* from the breach complained of. The rule is that the former may be pleaded generally, while the latter, if they are to be recovered at all, must be particularly or specially pleaded. * * *." (Emphasis in original)

evidence must ordinarily be stated with sufficient specificity to disclose to the trial court the defects in the proposed evidence which it expects to urge in the event of an appeal and to give the trial court and counsel an opportunity to remedy any such defects. *See Fidelity Sec. Corp. v. Brugman et al,* 137 Or 38, 48, 1 P2d 131 (1931), and *State v. Latta,* 246 Or 218, 223 n.2, 425 P2d 186 (1967).

Defendant also contends that the damages claimed by it were the foreseeable and natural consequences of plaintiff's delays and poor workmanship and were therefore properly pleaded as general damages, citing *Allan & Leuthold v. Terra Inv.,* 271 Or 335, 341, 532 P2d 218 (1975).

In any event, plaintiff's present contention is that because defendant pleaded its damages as general damages, instead of as special damages, the pleading of its counterclaim for damages was defective and the reception of evidence to establish such damages would not be "relevant" to defendant's pleading of general damages. The net effect of that contention is that there would be a variance between the pleading and the proof.

ORS 16.630 provides that:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it had actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as shall be just."

The question presented in this case is not strictly one of variance. We believe, however, that the circumstances of this case are such that in the absence of prejudice to the plaintiff this trial court should not be reversed on appeal for error in the overruling of these objections by this plaintiff. *Cf. Fulton Ins. v. White Motor Corp.,* 261 Or 206, 219, 493 P2d 138 (1972).

No contention was made by the plaintiff that it was surprised by the offer of these two exhibits on the issue of defendant's damages or would be prejudiced by the allowance of an amendment to defendant's counterclaim to allege such damages as special, rather than general damages. Neither was any such contention made by plaintiff in its opening brief on this appeal. Only in its reply brief, in response to defendant's contention that plaintiff had not been surprised or prejudiced, did plaintiff make any such contention.[2]

It is also of significance to note that defendant's counterclaim did not allege in general terms that as a result of plaintiff's breach of the contract the defendant had suffered loss and damages in the sum of $43,536.94. Instead, defendant's counterclaim alleged that:

> "Plaintiff breached its agreement with defendant by inappropriate detail designing, by exceeding its cost estimate by $6,823.50 and by failing to meet the August 15, 1974 deadline, *thereby requiring defendant to engage an outside contractor and to pay overtime and rental expenses in order to meet its own project completion deadline,* all to defendant's loss and damages in the sum of $43,536.94." (Emphasis added)

Defendant did not, however, specifically allege such damages as special damages.

Under all of these circumstances, we hold that any deficiency in the pleading by defendant of its damages did not result in surprise or prejudice to the plaintiff and that any error by the trial court in the overruling of plaintiff's objections to these two exhibits was not reversible error.

The judgment of the trial court is affirmed.

---

[2] It also appears that in a pretrial deposition plaintiff's attorney inquired of one of defendant's witnesses at some length on the subject of defendant's damages.