Submitted October 26, affirmed December 30, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH RAY CORBIN, SR.,
*Defendant-Appellant.*

Deschutes County Circuit Court
06FE1771ST; A137991

224 P3d 705

Peter Gartlan, Chief Defender, Appellate Division, and Rebecca A. Duncan, Assistant Chief Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

ROSENBLUM, P. J.

## ROSENBLUM, P. J.

Defendant was arrested for possession of a controlled substance, ORS 475.894, after the police found methamphetamine during a search of defendant's person. Defendant moved to suppress the evidence resulting from that search, arguing that it was the product of an illegal stop. The trial court denied the motion, concluding, among other things, that the search was a valid search incident to arrest for criminal trespass. Defendant argues that the arrest was not lawful because the police lacked probable cause to believe that he had committed criminal trespass. We conclude that defendant failed to preserve the error that he raises on appeal, and we therefore affirm.

The trial court found the following facts. A Redmond woman called the police and reported that a man had been in her backyard looking in her window. She said that he had what looked like a gun in his hand and that he put it into a duffel bag before leaving. She gave a description of the man and said that he had gone into Dry Canyon and was pushing a yellow bicycle. Two police officers responded to the report. They saw defendant, the only other person in Dry Canyon. His clothing matched the woman's report, and he was pushing a yellow bicycle.

The officers stopped defendant, handcuffed him, and obtained his consent to search his person. The details of the stop and the search are not important to our analysis. It suffices to say that they found methamphetamine in his jacket pocket and arrested him for possession of a controlled substance. After defendant was arrested, the officers were informed that the woman who had made the report declined to press charges for criminal trespass, so defendant was not arrested for or charged with that offense.

Defendant moved to suppress the evidence found in the search. The trial court denied the motion on three independent grounds. First, it concluded that the officers had probable cause to believe that defendant had committed criminal trespass and that the search was a valid search incident to arrest for that offense. Second, it concluded that the search was justified by officer safety concerns. Third, it concluded that defendant had voluntarily consented to the

search. After the court denied the motion, defendant entered a conditional guilty plea, reserving the right to appeal the court's ruling on the suppression motion.

On appeal, defendant challenges each of the three grounds on which the trial court based its ruling. Because each of those grounds provides a sufficient basis for the court's ruling, defendant must[ show that all three grounds are erroneous. We begin and end our analysis with defendant's challenge to the court's conclusion that the search was a valid search incident to arrest, because we conclude that defendant failed to preserve the issue that he raises on appeal with respect to that part of the trial court's ruling. The court concluded that the search was lawful because, at the time of the search, the police had probable cause to arrest defendant for second-degree criminal trespass. Defendant's sole argument in support of his contention that the court's ruling on that ground is erroneous is that no evidence in the record supports the conclusion that the police had probable cause.

Defendant relies on the statutes governing second-degree criminal trespass. ORS 164.245(1) provides that "[a] person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in a motor vehicle or in or upon premises." ORS 164.205(3)(a), in turn, provides that "enter or remain unlawfully" means, among other things, "[t]o enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so[.]" Defendant argues that, to commit the crime of second-degree criminal trespass, he had to enter or remain unlawfully on the property of the woman who called police dispatch. He asserts that the evidence in the record establishes only that the woman "reported that defendant had been in her yard" and does not specify whether she was referring to her front yard or her backyard. Defendant argues that a person's front yard is generally open to the public, so entering the front yard does not constitute criminal trespass. Accordingly, in defendant's view, the woman's report to the police did not give rise to probable cause to believe that he had committed criminal trespass. For that reason, he argues, the police did not have a lawful basis

to arrest him, and the search cannot be justified as a search incident to arrest.

The state responds that defendant's argument is not preserved. The state notes that, before the trial court, defendant argued that the search could not be justified as a search incident to arrest because the police did not articulate that basis at the time; because defendant ultimately was not arrested for trespassing; because the record did not establish that the officers would have arrested him and searched his pockets on that theory; and because a search for a gun was not reasonably related to an arrest for trespassing. But, the state contends, defendant never argued that the police lacked sufficient information to conclude that he entered a portion of the yard that was closed to the public or, for that matter, that the police lacked objective probable cause to believe that he had committed criminal trespass.

We agree with the state. To preserve an issue for appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Defendant did not alert the trial court that the evidence in the record was insufficient to conclude that the police had probable cause to arrest him for criminal trespass. If anything, he invited the error. In a memorandum in support of his motion to suppress, he opened with a recitation of the facts of the case, including the following: "The reporting party told dispatch that a man was in her backyard[.]" At the suppression hearing, after the evidence was presented, defendant's counsel argued that a search of defendant's pockets was not reasonably related to criminal trespass. The trial court interjected, "This particular criminal trespass involved a report of a man in a residential backyard with a gun in his hand." Counsel responded, "Right. Yeah—."

In light of defendant's representation of the facts in his memorandum and counsel's agreement with the court's factual assertion at the hearing, defendant cannot now be heard to complain that the court erred in concluding that the police had probable cause to arrest him for criminal trespass.

As noted, defendant makes no other arguments in support of his contention that the court erred in concluding that the search was a valid search incident to arrest. Accordingly, we reject that contention. Because we decline to conclude that the court's ruling on that ground was erroneous, we need not consider defendant's arguments concerning the other grounds for its ruling.

Affirmed.