Submitted September 6, 2013, affirmed May 21, 2014

FRANK E. VOTH,
*Plaintiff-Appellant,*

*v.*

OFFICER SOLICE,
Superintendent Persson, Dr. Michael Puerini,
John Kitzhaber, Oregon State Police,
Oregon Department of Justice,
*Defendants-Respondents,*

*and*

Dwane PERRY
and Jane/John Doe,
*Defendants.*

Marion County Circuit Court
12C17481; A153067

326 P3d 632

Frank E. Voth filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Denise G. Fjordbeck, Attorney-in-Charge, filed the brief for respondents.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Plaintiff brought this action for negligence, intentional infliction of emotional distress, and "unlawful imprisonment" against the Oregon Department of Justice, the Oregon State Police, the Governor, and officials at the Oregon State Correctional Institution. Plaintiff alleged that, while he was an inmate at that institution, he filed a sexual harassment complaint against a female correctional officer who had conducted patdowns of his genital area "in a sexual manner," and defendants failed to stop that harassment, failed to investigate his complaint, and retaliated against him for filing it. The trial court granted summary judgment to defendants, and plaintiff appeals.

We write to address plaintiff's argument that the trial court improperly granted summary judgment because "[p]ractices such as nonemergency bodily searches conducted by opposite-sex guards * * * have been held to be unconstitutional" under Article I, section 13, of the Oregon Constitution and *Sterling v. Cupp*, 290 Or 611, 625 P2d 123 (1981).[1] Defendants respond that plaintiff's argument is not preserved because his complaint did not allege that defendants violated Article I, section 13, and he did not otherwise present that argument to the trial court.[2] We agree with defendants.

To preserve an argument for appellate review, a party must "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In his complaint, plaintiff

---

[1] Article I, section 13, provides, "No person arrested, or confined in jail, shall be treated with unnecessary rigor." In *Sterling*, the Supreme Court held that a corrections officer's nonemergency, over-the-clothes patdown of an inmate of the opposite sex that involves "touching of sexually intimate body areas" constitutes "unnecessary rigor." 290 Or at 632.

[2] Defendants go on to argue that, notwithstanding *Sterling*, (1) Article I, section 13, applies only to those arrested but not yet convicted, not to convicted felons like plaintiff; and (2) this court "should have no hesitation" in not following *Sterling* because the "societal norms and expectations" underlying that decision "have changed radically in the nearly two generations since that time." Because we conclude that plaintiff's argument is not preserved, we do not address those arguments.

did not allege that defendants violated Article I, section 13, in advancing his tort claims or an independent constitutional claim. And the summary judgment record shows that, in the trial court, plaintiff did not raise an Article I, section 13, argument as a reason to deny defendants' summary judgment motion. Instead, in their motion for summary judgment, defendants presented evidence challenging plaintiff's tort claims (*e.g.*, that the female officer named in the harassment complaint had never conducted a patdown of plaintiff and that prison officials had conducted a formal investigation and found no wrongdoing), and they argued that the complaint failed to state a claim under any of the three tort theories plaintiff relied upon. In response, plaintiff did not rely on Article I, section 13, or *Sterling* in an effort to rebut those arguments.

Because neither defendants nor the court had reason to address what effect, if any, plaintiff's Article I, section 13, argument had on whether summary judgment was proper, that argument is not preserved and we will not address it further. We reject without discussion plaintiff's remaining assignments of error and the arguments raised for the first time in his appellate reply brief. Accordingly, we affirm.

Affirmed.