Argued and submitted November 4, 1999, decision of the Court of Appeals
reversed; case remanded to the Court of Appeals for further proceedings
December 1, 2000, petition for reconsideration denied January 30, 2001

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## RALPH ADRIAN WYATT,
*Respondent on Review.*

(CC CR9501237; CA A95425; SC S45859)

15 P3d 22

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Per C. Olson, of Hoevet, Snyder & Boise, P.C., Portland, argued the cause for respondent on review. With him on the brief was Ronald H. Hoevet.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

VAN HOOMISSEN, J.

** Kulongoski, J., did not participate in the consideration or decision of this case.

## VAN HOOMISSEN, J.

The state seeks review of a Court of Appeals' decision reversing defendant's convictions for rape, sexual abuse, and delivery of a controlled substance. The Court of Appeals held that the trial court committed reversible error in excluding the testimony of defendant's expert witness as a sanction for a violation of the reciprocal criminal discovery statutes. *State v. Wyatt*, 155 Or App 192, 962 P2d 780 (1998). Because we conclude that defendant did not preserve at trial the issue of the appropriate sanction, we reverse the decision of the Court of Appeals.

In preparation for defendant's trial, the prosecution obtained a written report and notes regarding certain physical evidence from Hormann, the state's DNA expert. The prosecution timely disclosed the report and notes to defense counsel, and its intention to call Hormann as a witness. After Hormann had testified on the second day of trial, defense counsel told the prosecutor that he might call Grimsbo, a forensic scientist, as an expert witness. He did not then disclose the nature of Grimsbo's anticipated testimony. Defense counsel had not listed Grimsbo on the defense witness list that he had provided to the state.

Early on the third day of trial, the prosecutor asked defense counsel whether he intended to call Grimsbo as a witness. Defense counsel responded that he did not think that he would call Grimsbo, but that he was "not certain." Later that evening, defense counsel left a recorded telephone message at the prosecutor's office to the effect that he would call Grimsbo as a witness. The prosecutor listened to that message at about 6:30 a.m. on the fourth day of trial.

When the trial resumed that morning, the prosecutor objected to Grimsbo's testimony "on the basis that it's a violation of discovery."[1] The prosecutor noted that, because

---

[1] ORS 135.835 provides, in part:

"Except as otherwise provided in ORS 135.855 and 135.873, the defense shall disclose to the district attorney the following material and information within the possession or control of the defense:

"(1) The names and addresses of persons, including the defendant, whom the defense intends to call as witnesses at the trial, together with relevant written or recorded statements or memoranda of any oral statements of such persons other than the defendant."

the state timely had disclosed Hormann's report and notes, as well as its intent to call her as a witness at trial, defense counsel had had ample time to prepare to cross-examine Hormann and to rebut her testimony. The prosecutor continued:

> "And for us to adequately prepare for Mr. Grimsbo's testimony, it would necessitate having Mrs. Hormann here, at a minimum, and we have not prepared to do that because we didn't have anything but a possibility that [Grimsbo] may be called as a witness."

Defense counsel responded that, notwithstanding his receipt of Hormann's report and notes, "the clarity of the issue and the need for Mr. Grimsbo's testimony was not clear to me until after [Hormann] testified." At that time, defense counsel did not argue that there was no discovery violation or that there was no prejudice to the state. Defense counsel then made an offer of proof concerning Grimsbo's anticipated testimony. Thereafter, the court excluded Grimsbo's testimony as a sanction for defendant's discovery violation, explaining:

> "[G]iven the stage of the proceedings, that the potential for Mr. Grimsbo's testimony should have been obvious earlier in the proceeding, there's a lack of notice to the State, and that evidence would be excluded."[2]

Defense counsel did not ask the trial court to consider alternatives to precluding Grimsbo's testimony. Defendant was ultimately convicted.

After judgment was entered, defendant moved for a new trial. That motion was based, in part, on the exclusion of Grimsbo's testimony. At the hearing on the motion, defendant asserted for the first time that the trial court had erred

---

ORS 135.845 provides, in part:

> "(1) The obligations to disclose shall be performed as soon as practicable following the filing of an indictment or information in the circuit court[.]"

[2] ORS 135.865 provides:

> "Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873 [reciprocal discovery] and 135.970, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

by not first considering alternatives to exclusion. The trial court denied defendant's motion.

On appeal, defendant assigned error to the exclusion of Grimsbo's testimony. He argued that there was no discovery violation, that there was no prejudice to the state, and that the trial court erred in failing to consider alternatives to exclusion. In the Court of Appeals, the state agreed that defendant had preserved the sanction issue at trial. The Court of Appeals assumed, without deciding, that defendant had committed a discovery violation and that the state would have suffered actual prejudice from Grimsbo's testimony. *Wyatt*, 155 Or App at 202. The court then concluded that the trial court erred in failing to consider whether the prejudice could have been remedied by a less onerous sanction. *Id.* After further concluding that the error was not harmless, the court reversed the judgment and remanded the case for a new trial. *Id.* at 204. We allowed the state's petition for review.

On review, the state argues that, rather than remanding for a new trial, the Court of Appeals should have remanded the case to the trial court for findings regarding whether a less onerous sanction was available. Defendant responds that the trial court could not conduct a suitable inquiry regarding the existence of a less onerous sanction at this time and, therefore, a new trial is the only appropriate remedy.

In so arguing, defendant primarily relies on two decisions of this court. *State v. Mai*, 294 Or 269, 656 P2d 315 (1982), involved a challenge to the constitutionality of the witness preclusion sanction provided for in ORS 135.865. In *Mai*, this court upheld a trial court's statutory right to exclude witness testimony as a sanction for a discovery violation in certain circumstances:

> "[T]he preclusion sanction of ORS 135.865 is not inconsistent with Article I, section 11, of the Oregon Constitution,[3]

---

[3] Article I, section 11, of the Oregon Constitution, provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to have compulsory process for obtaining witnesses in his favor[.]"

provided that the court finds that the prosecution is prejudiced by the defendant's failure to comply with the reciprocal discovery statutes, and provided further, that it appears that no sanction short of preclusion effectively will avoid the prejudice which the defendant's lack of compliance created."

*Id.* at 280. Thus, the court determined that two predicates are necessary for ORS 135.865 to be applied consistently with the Oregon Constitution: The trial court was obligated to make determinations regarding the existence of prejudice and the necessity of the preclusion sanction.

In *State v. Ben*, 310 Or 309, 798 P2d 650 (1990), the trial court excluded the testimony of a defense witness due to a discovery violation. This court agreed with the trial court that both the defendant and his counsel had committed discovery violations. Nevertheless, this court reversed the defendant's convictions, explaining:

"[I]t does not appear from the record, and the trial court made no pertinent findings, that a lesser sanction—such as a saving instruction to the witnesses plus a continuance to give the prosecutor time to renew her request, or requiring defense counsel to disclose the anticipated substance of the witnesses' testimony—would not avoid the prejudice. Accordingly, the trial court erred."

*Id.* at 318. *Ben* illustrates this court's willingness to determine from the record, and in the absence of pertinent findings, that the trial court had failed to meet the requirements of *Mai*.

As the quoted material from *Mai* and *Ben* illustrates, defendant's reliance on those cases is understandable. However, an examination of the briefing in those cases establishes that a preliminary question—preservation—was not at issue in either case. That preliminary question is present here. Accordingly, before allowing the state's petition for review here, we requested briefing regarding whether defendant preserved at trial the issue whether the trial court considered the availability of a less onerous sanction and, assuming that that issue was not preserved, the effect of the state's failure to raise preservation as an issue to the Court of Appeals. We address those issues first.

██     Generally, an issue not preserved in the trial court will not be considered on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991); *State v. Abel*, 241 Or 465, 467, 406 P2d 902 (1965); ORAP 5.45(2).⁴ Defendant contends that he preserved the sanction issue at trial "by opposing the [s]tate's motion to exclude [Grimsbo] and by making an offer of proof as to the witness's testimony." We understand defendant to argue that the question here is whether there was a discovery violation and that that question is broad enough to encompass everything from whether the trial court's finding of a discovery violation was correct, to whether the violation caused prejudice to the state, to whether the sanction imposed by the court was impermissible for any reason. The state responds that defendant did not preserve the dispositive issue that the Court of Appeals considered, *i.e.*, whether the trial court erred in excluding Grimsbo's testimony. As noted, the state agreed before the Court of Appeals that defendant had preserved the sanction issue at trial. On review, however, the state now argues that a party may not waive, either by failing to raise or by conceding the issue, the requirement that the adversely affected party must preserve an issue at trial.⁵

In *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988), this court stated:

> "We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. * * * The first ordinarily is essential, the second less so, the third least."

(Emphasis in original.)

---

⁴ ORAP 5.45(2) provides:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

Defendant does not argue that the trial court's ruling constituted an error of law apparent on the face of the record. Moreover, the fact that defendant raised an issue for the first time in a motion for a new trial does not cure his earlier failure to preserve an issue at trial. *Yates v. Stading*, 219 Or 464, 473-74, 347 P2d 839 (1959); *State v. Langley*, 214 Or 445, 476-77, 323 P2d 301 (1958).

⁵ The state concedes that the law requires a trial court, if asked, to consider available alternative sanctions.

Defendant relies on *Stull v. Hoke*, 326 Or 72, 948 P2d 722 (1997). That case involved a prison inmate's claim that he had filed a complaint within the applicable statute of limitations. A defendant moved to dismiss the inmate's action on the ground that it was not commenced within the applicable statute of limitations. The trial court granted that motion, and the Court of Appeals affirmed. On review, the inmate asserted, for the first time, that a particular date was the date of filing. This court allowed the inmate to make the new assertion, stating:

"[T]he issue was preserved sufficiently under the standards set out in *State v. Hitz*, * * * because [the inmate] raised and preserved the broader legal issue—whether the trial court erred in holding that his claims were barred by the statute of limitations. Under the rationale in *Hitz*, a specific alternate argument regarding that issue can be raised for the first time in this court."

*Stull*, 326 Or at 77.

The state relies on *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998), in which this court stated:

"[F]or purposes of preserving error, it is essential to raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised. [Citing] *Hitz*. Although that principle imparts some degree of liberality to the preservation requirement, it does not transform that requirement into a cursory search for some common thread, however remote, between an issue on appeal and a position that was advanced at trial. Instead, in considering whether an objection at trial raised the 'issue' being advanced on appeal, an appellate court must view the facts in light of the purposes of fairness and efficiency that underlie the requirement."

The state also relies on *State v. Wilson*, 323 Or 498, 918 P2d 826 (1996), an aggravated murder case that came to this court on automatic and direct review. In that case, the defendant had objected at trial to the admission of certain evidence on hearsay grounds. The trial court concluded that the evidence was admissible under OEC 804(3)(c) (statement against penal interest). On review, the defendant argued, for the first time, that the evidence also should have been

excluded under OEC 804(2) (unavailability of witness). This court refused to consider that argument, stating:

"At trial, defendant did not cite OEC 804(2) and did not argue that [the witness]'s absence was 'due to the * * * wrongdoing of the [state] for the purpose of preventing the witness from attending or testifying.' "

*Id.* at 512 (second set of brackets in original). This court held that the OEC 804(2) argument was not preserved below and, therefore, would not be considered. *Id.* (citing *State v. Isom,* 313 Or 391, 406, 837 P2d 491 (1992) ("[a]n objection on one ground is not sufficient to preserve some other objection")).[6]

■■  The foregoing cases demonstrate that a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted. When, as here, a party subject to a sanction for a discovery violation does not deny at trial that it is subject to *some* sanction, its failure to object to the particular sanction imposed by the judge or, in the alternative, to argue for some other sanction,[7] fails to preserve a claim on appeal that the judge erred in failing to consider the availability of a less onerous sanction. Defendant's arguments and offer of proof here did not identify adequately for the judge the issue of alternatives to precluding Grimsbo's testimony during the trial. Accordingly, defendant did not preserve the issue.

---

[6] Other decisions of this court also have emphasized the importance of the preservation of an issue for appeal. *See, e.g., Davis v. O'Brien,* 320 Or 729, 737, 891 P2d 1307 (1995) (rules pertaining to preservation of error in trial courts are intended to advance goals such as ensuring that positions of parties are presented clearly to initial tribunal and that parties are not taken by surprise, mislead, or denied opportunities to meet an argument); *State v. Brown,* 310 Or 347, 356, 800 P2d 259 (1990) (reasons for rule are to allow adversary to present its position and to permit trial court to understand and correct any error); *Shields v. Campbell,* 277 Or 71, 77-78, 559 P2d 1275 (1977) (reason for requirement is not merely to promote form over substance but to promote efficient administration of justice and saving of judicial time); *Denham et ux v. Cuddeback,* 210 Or 485, 493, 311 P2d 1014 (1957) (related purpose is to prevent litigants from speculating on verdict, then appealing if verdict is against them).

[7] By contrast, in *State v. Ben,* 310 Or 309, 313-14, 798 P2d 650 (1990), the defense counsel objected to preclusion and suggested less onerous sanctions to the trial court, thus preserving the sanction issue for appeal.

■      Defendant contends, in the alternative, that the duty to raise the issue of a less onerous sanction rested on the state. He argues:

> "[I]t was the *State* that moved for the exclusion of Grimsbo on the basis of a discovery violation. As the moving party, the State carried the burden of asserting the basis for the motion. *See Pacific Eng. Corp. v. Evans Products Co.*, 280 Or 257, 262-63, 570 P2d 655 (1977) ('[O]bjections to evidence must ordinarily be stated with sufficient specificity to disclose to the trial court the defects in the proposed evidence which it expects to urge in the event of an appeal and to give the trial court and counsel an opportunity to remedy any such defects.')"

(Emphasis in original.) Defendant's citation to *Pacific Eng. Corp.* is inapposite. That case placed the burden of asserting the basis for an objection to evidence on the moving party. Here, the state met that requirement. As the party objecting to evidence on the basis of a discovery violation, the state's burden was to demonstrate that a discovery violation had occurred. It is clear from the record that the trial judge found that defendant had committed a discovery violation.

■      Finally, defendant argues that the trial court had an affirmative duty to inquire, *sua sponte*, about whether any prejudice to the state could have been remedied through a less onerous sanction. Defendant cites no authority for that proposition and we are aware of none. Moreover, we are aware of no reason, and defendant points to none, to except these circumstances from the general rule that the party that is adversely affected by a ruling must preserve an alleged error in the trial court. *Ailes*, 312 Or at 380.

■      Having concluded that the issue of a less onerous sanction was not preserved at trial, we proceed to consider the effect of the state's failure to raise preservation as an issue in the Court of Appeals and, further, the state's concession on appeal that defendant had preserved the sanction issue at trial. Specifically, we must determine whether that failure or that concession made it permissible for the Court of Appeals to consider defendant's sanction argument.

Defendant contends that, under ORAP 9.20(2),[8] this court does not have authority to review the question whether the less onerous sanction issue was preserved. Defendant argues that, because the state conceded on appeal that he had preserved the sanction issue, the issue of preservation was not "before" the Court of Appeals. That argument ignores the threshold question whether the sanction issue was, in the words of ORAP 9.20(2), *"properly* before the Court of Appeals." ORAP 9.20(2) (emphasis added). We conclude that, because it was not preserved, and because the trial court's ruling was not error on the face of the record, the sanction issue was not "properly before the Court of Appeals."

This court's case law supports that conclusion. In *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), the issue in question was not preserved at trial. *Id.* at 320. The Court of Appeals nevertheless reached the issue and decided it in defendant's favor. *Id.* On review, this court reversed the Court of Appeals, explaining:

> "Defendant would have an appellate court reverse for absence of findings even though, had the matter been called to the sentencing court's attention, applicability of [the statute at issue] might easily have been established. To preserve an error * * * a defendant who objects to lack of express findings * * * must place that objection on the record at the time of sentencing. The Court of Appeals was not required to consider the error and should not have done so. Defendant's claim of error is rejected."

*Id.* at 321. Similarly, in *State v. Jensen*, 313 Or 587, 887 P2d 525 (1992), the issue was not preserved at trial. *Id.* at 598. Nevertheless, the Court of Appeals reached the issue. *Id.* at 589. On review, this court reversed on the unpreserved claim, holding that the Court of Appeals should not have reached the claim. *Id.* at 598-99.

---

[8] ORAP 9.20(2) provides:

"If the Supreme Court allows a petition for review, the court may limit the questions on review. If review is not so limited, the questions before the Supreme Court include all questions *properly before the Court of Appeals* that the petition or the response claims were erroneously decided by that court. The Supreme Court's opinion need not address each such question. The court may consider other issues that were before the Court of Appeals."

(Emphasis added.)

In *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993), the defendant did not preserve a claim of error in the trial court, but did raise it in the Court of Appeals. The Court of Appeals considered the claim. This court reversed, explaining:

> "The unpreserved claim of error *cannot* be reviewed on appeal because it was not preserved at trial and because it does not qualify for the exception in ORAP 5.45(2) permitting discretionary review of unpreserved 'error of law *apparent* on the face of the record.' * * *

> "In addition, this court recently held that it would not review an unpreserved claim of error merely because the Court of Appeals did so, if the Court of Appeals failed expressly to justify its review as discretionary review of an error of law apparent on the face of the record. *State v. Castrejon*, 317 Or 202, 212, 856 P2d 616 (1993)."

*Id.* at 224 (emphasis in original). In *Castrejon*, 317 Or at 211-12, this court held that ORAP 9.20(2) permits this court to review only those unpreserved issues that qualify as error apparent on the face of the record. The error alleged in this case is not of that variety, because it is open to debate whether a less onerous sanction was available to remedy defendant's discovery violation. Accordingly, we may not revive the unpreserved claim of error in this case, even if the Court of Appeals did so.

■ The foregoing cases demonstrate the necessity of preserving claims of error at trial. We hold that the rule of *Castrejon*, which permits this court to review only those unpreserved issues that qualify as errors apparent on the face of the record, applies to cases in which the lack of preservation was not raised to the Court of Appeals and to cases in which the opposing party wrongly conceded that the issue had been preserved in the trial court.

On this record, neither the state's failure to raise preservation as an issue in the Court of Appeals, nor the state's erroneous concession that the sanction issue had been preserved at trial, conferred authority on that court to consider defendant's unpreserved claim of error. *Castrejon*, 317 Or at 211-12; ORAP 5.45(2). The issue on which the Court of

Appeals based its decision in this case was not preserved for appeal, and that court should not have considered it.

Defendant also assigned error on appeal to an alleged error in polling the jury. The Court of Appeals did not reach that matter. Accordingly, we remand the case to that court to consider defendant's second assignment of error.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.