Argued and submitted February 14, affirmed August 31, 2005

Jack Wayman BAKER,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
*Respondent.*

108467; A122840

118 P3d 852

Meagan A. Flynn argued the cause for petitioner. With her on the briefs was Preston Bunnell & Stone, LLP.

Julie A. Smith, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David F. Coursen, Assistant Attorney General.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

LANDAU, P. J.

* Brewer, C. J., *vice* Richardson, S. J.

## LANDAU, P. J.

ORS 807.340(1) provides, in part, that the Department of Transportation may require any person with a driver's license to "reestablish the person's eligibility" if the department has reason to believe that the person is no longer qualified to hold a license or no longer able to operate safely a motor vehicle. Under ORS 807.340(2), if the person "is unable to reestablish eligibility," the department "may take action to suspend the person's driving privileges."

In this case, petitioner is an 86-year-old driver who was involved in four automobile accidents in a little over a year. After the last accident, the department required petitioner to take a behind-the-wheel examination, which he failed; petitioner was given an overall rating of "poor." The examiner concluded that petitioner's actions during the examination "were of the type that driv[ing] instruction would be of no benefit" and that petitioner is "a danger behind the wheel." The department then cancelled petitioner's driving privileges.

Petitioner asked for a hearing. At the hearing, petitioner requested "reinstatement of the license, pending a retest" or, in the alternative, "simply the right to retest." Petitioner advanced two reasons for his requests:

"First of all, that the testing that was administered was biased against [petitioner], and secondly, that the testing administered to [petitioner] was delayed because of an error of the department, which did not allow him enough time to take the driver's test within which to request a hearing before the suspension took place, which would have probably allowed him to take another test, in and of itself."

Petitioner took the stand and explained that, among other things, he believed that the examiner was biased against him, apparently because of his age, and that the examiner was not competent. According to petitioner, he simply did not make the errors during the examination that the examiner reported. He also offered the report of a certified driving instructor who concluded that petitioner should be capable of a retest. The administrative law judge found that petitioner's

testimony was not persuasive and concluded that the department was authorized to cancel petitioner's driving privileges.

On judicial review, petitioner argues that the department lacked statutory authority to *cancel* his driving privileges because ORS 807.340(2) authorizes the department merely to *suspend* them. The department responds that, under a separate statute, ORS 807.350(1), it has the authority to "cancel any driving privileges upon determining that the person is not entitled" to such privileges.

■■ We decline to resolve that dispute, however, because petitioner failed to preserve it. The rules of preservation apply on judicial review of administrative agency orders. *Wahlgren v. DMV*, 196 Or App 452, 457, 102 P3d 761 (2004). Moreover, even when no party contests preservation—as in this case—we are obliged to determine independently whether the rules of preservation have been satisfied. *State v. Wyatt*, 331 Or 335, 344-46, 15 P3d 22 (2000).

■ In this case, petitioner did not mention to the administrative law judge the argument concerning the department's statutory authority that he is advancing to us. His sole contentions at the hearing concerned the bias of the examiner and a department error that denied him the opportunity to retest. His current contentions were not preserved. Accordingly, they may not be considered on judicial review.

Affirmed.