Submitted August 23, 2012, affirmed February 6, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD JOSHUA MILTON RICE,
*Defendant-Appellant.*

Morrow County Circuit Court
10CF009; A147115

296 P3d 622

Kenneth A. Kreuscher and Portland Law Collective, LLP, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction and sentence for one count of fourth-degree misdemeanor assault, ORS 163.160(2), and one count of recklessly endangering another person, ORS 163.195. The misdemeanor sentencing statute allows the court to suspend "a part of" a sentence and impose probation with conditions, including jail time. ORS 137.010(4). Defendant contends that the trial court erred by suspending his entire sentence, instead of "a part of" the sentence. The state responds that defendant failed to preserve that issue for appeal. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."); *see also State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (requiring specific objections for preservation purposes). During the sentencing hearing, defendant argued that the court was limited to imposing and suspending a jail sentence that did not exceed 180 days or that the court was required to impose a jail sentence and to specify the number of days of jail time that the court was suspending so that the sentence would be clear. Defendant did not cite ORS 137.010 or assert below what he argues now —that the trial court could not suspend *all* of his sentence, only "a part of" his sentence, before it could impose probation. Accordingly, defendant's assignments of error were not preserved below; nor does defendant contend that they amount to plain error. *State v. Tilden*, 252 Or App 581, 589, 288 P3d 567 (2012) ("We ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so[.]").

Affirmed.