Submitted June 18, affirmed November 20, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
SHANACEY ROSE LEE GILLSON,
*Defendant-Appellant.*
Washington County Circuit Court
C110749CR; A149387

314 P3d 719

Peter Gartlan, Chief Defender, and Erin Snyder, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Deputy Solicitor General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894. She assigns error to the trial court's denial of her motion to suppress evidence discovered after a drug-detection dog, Maverick, knocked over her purse while sniffing it and scattered some of its contents onto the ground, including a baggie of methamphetamine. We affirm.

Maverick's handler, Deputy Dipietro, testified at the suppression hearing that Maverick was "trained to get to the closest point of the odor that he is able to get. So if he smells the odor coming out of [a] purse, and it's open, he's going to put his nose into it," and that Maverick was trained to "alert" aggressively, meaning that he barks, bites, and scratches at the source of the odor once he has pinpointed it.

Defendant advances a two-part argument on appeal. First, she contends that Maverick's "aggressive" conduct in relation to her purse constituted a search. Second, she argues that the search was unlawful because it was not supported by probable cause. The state responds, among other things, that defendant's probable cause argument is unpreserved and, in any event, that no search occurred because "nothing in the record begins to suggest that Dipietro intended or expected Maverick to scatter the contents of the purse."

We address only the second part of defendant's argument, which is dispositive. Defendant's sole argument with respect to the purported unlawfulness of any search is that the state failed to establish that Maverick's drug-detection capabilities were sufficiently reliable to furnish probable cause for that search. That argument is unpreserved. Defendant asserts that, although she did not challenge Maverick's reliability at the suppression hearing, the issue is preserved for appeal because (1) the state, which had the burden of proof on the issue, presented pertinent evidence and argued to the court that Maverick was sufficiently reliable and (2) the court ruled on the issue.

The record bears out defendant's assertion that the state presented evidence on the issue to the trial court— approximately 13 transcript pages of Dipietro's testimony

were devoted to the training and certification that he and Maverick received and Maverick's performance in the field. However, the state's argument on the issue was cursory, and defendant's assertion that the trial court ruled on the issue depends on an inference that it did so implicitly—an inference that we are not convinced is warranted.[1] Given that the state touched on the issue only in passing and that defendant did not address it at all, the court may not have understood that it was being asked to rule on whether the state had established Maverick's reliability and, consequently, may not have considered the issue.

Moreover, what is certain is that the trial court did not have the benefit of defendant's contention that the state did not sufficiently establish Maverick's reliability and thus did not have the opportunity to consider the purported deficiencies in the state's proof that defendant now asserts on appeal. Accordingly, defendant's newly expressed challenge to Maverick's reliability is not preserved for our review. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve an argument for appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted").

Because defendant does not advance a preserved argument supporting her contention that the purported search was illegal, we have no basis for reversing the trial court's ruling on the suppression motion.[2] Accordingly, we need not decide whether Maverick's conduct amounted to a search.

Affirmed.

---

[1] In asserting that the court ruled on the issue, defendant cites the court's statement that Maverick's conduct was "part of the search process and that—that the officer then had the right to look in the purse, to see what might be in there."

[2] Defendant does not ask that we review for plain error, and, in any event, the alleged error is not beyond reasonable dispute. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (the prerequisites for plain error review include that the legal point is "obvious, not reasonably in dispute").