Submitted December 17, 2015, affirmed May 11, 2016

In the Matter of J. G. G.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

J. G. G.,
*Appellant.*

Marion County Circuit Court
J010438;
Petition Number 070813GON1;
A155389

372 P3d 620

Christa Obold-Eshleman filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## ORTEGA, P. J.

In this juvenile delinquency appeal, youth challenges the juvenile court's disposition finding him in violation of his probation. Youth was adjudicated and placed on probation after shooting another teen with a BB gun and damaging the property of two businesses. The curfew conditions of the judgment stated: "The youth offender shall maintain a curfew of 4 PM to 5 AM weekdays and 4 PM to 5 AM weekends until otherwise directed by the Court or the [probation officer]." On the day in question, youth was riding his scooter outside of his home at around 10:20 p.m. Following a hearing, where youth's neighbor testified that she saw youth outside on his scooter after 4:00 p.m. with no adult supervision, the court found him in violation of his probation. On appeal, youth argues that the court erred as a matter of law either by not interpreting "curfew" within the context of the juvenile code, including using the definition found in ORS 419C.680,[1] or by subjecting youth to an unconstitutionally vague order. The state argues that the order at issue is not appealable because the probation violation disposition did not adversely affect youth. Additionally, the state argues that youth failed to preserve his claims of error because youth did not alert the court to a contention that "curfew" must be interpreted by reference to ORS 419C.680 and because youth did not specifically claim that the terms of the probation order were unconstitutionally vague. For the following reasons, we find that, although the disposition

---

[1] ORS 419C.680 provides, in part:

"(1) No minor shall be in or upon any street, highway, park, alley or other public place between the hours of 12 midnight and 4 a.m. of the following morning, unless:

"(a) Such minor is accompanied by a parent, guardian or other person 18 years of age or over and authorized by the parent or by law to have care and custody of the minor;

"(b) Such minor is then engaged in a lawful pursuit or activity which requires the presence of the minor in such public places during the hours specified in this section; or

"* * * * *

"(2) No parent, guardian or person having the care and custody of a minor under the age of 18 years shall allow such minor to be in or upon any street, highway, park, alley or other public place between the hours specified in subsection (1) of this section, except as otherwise provided in that subsection."

adversely affected youth and is therefore appealable, youth's arguments are unpreserved. We therefore affirm.

We first address appealability, which is governed by ORS 419A.200 and ORS 419A.205. A party to a juvenile proceeding "whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom." ORS 419A.200(1). For the purposes of appeal, an appealable judgment includes a "final order adversely affecting the rights or duties of a party and made in a proceeding after judgment." ORS 419A.205(1)(d). The state argues that the order finding youth in violation of his probation did not adversely affect youth because it did not impose any sanction or extend the term of youth's probation.

The state's view is too short-sighted. The purpose of the Oregon juvenile justice system is "to protect the public and reduce juvenile delinquency and to provide fair and impartial procedures for the initiation, adjudication and disposition of allegations of delinquent conduct." ORS 419C.001(1). In determining a disposition in a juvenile case, the juvenile court "shall consider," among other things, "[t]he youth offender's juvenile court record and response to the requirements and conditions imposed by previous juvenile court orders." ORS 419C.411(3)(e). Thus, the statutory scheme specifically provides for a possible adverse effect: that having a probation violation on youth's record could adversely affect any future dispositions made by the juvenile court as provided in ORS 419C.001 and ORS 419C.411. The order in this case was "made in a proceeding after judgment," and a determination that the youth violated the terms of probation could result in more stringent requirements or liberty restrictions in the future than would be ordered in the absence of such a determination. Accordingly, the disposition at issue here is appealable.

Next, we turn to the issue of preservation and recount additional procedural facts. In closing, youth argued:

> "[M]om's supervision was adequate but it needs to be clarified and it needs to be more restrictive. I think that's an issue that should come from the Probation Department saying, here's what we mean by supervision, and we haven't heard that that was laid out or what the supervision she

was providing was inadequate. Therefore, we believe that the State has failed to prove its motion by a preponderance of the evidence that my client violated his probation."

The court then made its determination that youth had violated probation. Youth then requested clarification as to the meaning of "curfew" and "direct supervision." The court explained that it expected "the youth to be in at 4:00," and "[i]f there's going to be some flexibility beyond what it is that the Court expects, then clearly I—the Court would expect that there is direct supervision that he is with a parent, not just playing in the neighborhood where his parents reside."

The preservation rule serves, among other reasons, the practical purpose of requiring a defendant to provide an explanation of his position "specific enough to ensure that the [trial] court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). "What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court." *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008).

On appeal, youth argues that the trial court should have interpreted the term "curfew" by reference to relevant portions of the juvenile code and its common meanings, including using the definition given in ORS 419C.680, but he did not assert that argument below. And, though he claims on appeal that the curfew order was unconstitutionally vague, citing the federal constitution, before the juvenile court, youth challenged only the clarity of the curfew term; he did not assert a vagueness argument, much less a constitutional one. Consequently, his appellate challenges to the juvenile court's ruling are unpreserved. *See State v. Bistrika*, 262 Or App 385, 399-400, 324 P3d 584, *rev den*, 356 Or 397 (2014), *cert den*, ___ US ___, 136 S Ct 32, *reh'g den*, ___ US ___, 136 S Ct 572 (2015) (the theory defendant presented to the trial court differed substantially from the theory that was presented on appeal and thus the arguments

below were unpreserved); *see also State v. Rumler,* 199 Or App 32, 41-42, 110 P3d 115 (2005) (the state did not alert the trial court to its contention on appeal).

Affirmed.