***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 17, affirmed October 18, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OMAR AMADOR RIVAS ORDAZ,
*Defendant-Appellant.*

Yamhill County Circuit Court
20CR22260, 20CR44525, 20CR46257;
A175999 (Control), A176000, A176001

Ladd J. Wiles, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

In this consolidated appeal, defendant challenges his convictions in two criminal cases. In case 20CR22260, defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010(4), and reckless driving, ORS 811.140, but was acquitted of recklessly endangering another person, ORS 163.195, and possession of a controlled substance, ORS 475.752. The first charge was tried to a jury, while the other three charges were tried to the court. In case 20CR44525, defendant was convicted of DUII and second-degree criminal mischief, ORS 164.354. Defendant argues on appeal that the trial court plainly erred by applying the wrong legal standard in convicting him of reckless driving in case 20CR22260, and that the trial court erred in denying the motion to suppress filed in each case. Defendant also appealed the judgment in a third case, 20CR46257, but he does not assign error to any rulings in that case. That judgment is therefore affirmed. For the following reasons, we affirm.

*Reckless driving.* After the jury found defendant guilty of DUII, the trial court rendered its verdict on the other charges in case 20CR22260. As relevant here, the court found defendant guilty of reckless driving but not guilty of recklessly endangering another person. In explaining its split verdict, the court correctly stated the definition of "reckless" applicable to both offenses, including that the defendant create such a severe risk that to disregard it is "a gross deviation from the standard of care that a reasonable person would observe in the situation," ORS 161.085(9). It then described the difference between reckless driving and reckless endangerment as "a matter of degree" and stated, among other things, that reckless driving "doesn't require evidence of a substantial risk" but only "some risk of—or endangerment of the safety of persons or property."

In his first assignment of error, defendant argues that the court plainly erred by applying the wrong legal standard for reckless driving. That "is akin to an assertion that a trial court delivered an incorrect jury instruction." *State v. Zamora-Skaar*, 308 Or App 337, 353, 480 P3d 1034 (2020). We review for legal error. *Id.* Because defendant

did not preserve his claim of error, our review is limited to plain error. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

"A person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway * * * *in a manner that endangers the safety of persons or property*." ORS 811.140(1) (emphasis added). "A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct *which creates a substantial risk of serious physical injury to another person*." ORS 163.195(1) (emphasis added). "Reckless" is defined in ORS 161.085(9), as previously noted.

In context, we understand the trial court to have been describing the difference between the above-italicized elements of the two offenses, not suggesting a difference in the required mental states. That is, we understand the trial court to have understood and applied the statutory definition of "reckless" to both offenses, which it accurately described, while recognizing that reckless endangerment requires conduct that creates a "substantial risk of serious physical injury to another person," whereas reckless driving requires only conduct that "endangers the safety of persons or property." If defendant had raised his concern to the trial court, any ambiguity could have been resolved. He did not, so we would have to choose between competing inferences for defendant to prevail, and any error is not "plain." *Vanornum*, 354 Or at 629.

*Motion to suppress (Case 20CR22260).* In his second assignment of error, defendant challenges the denial of his motion to suppress the urinalysis results in case 20CR22260. Although it is undisputed that defendant was given an adequate opportunity to consult counsel before taking the breath test, he contends that his right to counsel was violated because he was not given an adequate opportunity to consult counsel before taking the urine test. He also

argues that he did not voluntarily consent to the urine test, but rather merely acquiesced to authority. We review the denial of a motion to suppress for legal error and are bound by the trial court's express and implied findings if evidence in the record supports them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

Requiring law enforcement officers to supply unlimited access to counsel is not practical in the DUII investigation context. *State v. Spencer*, 305 Or 59, 75, 750 P2d 147 (1988). "Because evidence of an arrested driver's blood alcohol dissipates over time, the state is not required to wait for a long period of time before administering the test." *Id*. Having reviewed the evidence in the record, we conclude that it supports the trial court's finding that defendant was given adequate opportunity to consult an attorney. As to voluntariness, we conclude that the evidence also supports the trial court's findings regarding voluntary consent to the urine test. The trial court did not err in denying the motion.

*Motion to suppress (Case 20CR44525)*. In his third assignment of error, defendant challenges the denial of his motion to suppress the urinalysis results in case 20CR44525. He argues that he did not voluntarily consent to the urine test and that prior *Miranda* violations tainted the evidence such that it should have been suppressed. Applying the same standard of review stated above, we have reviewed the evidence in the record, and we conclude that it supports the trial court's findings.

Courts must consider the totality of the circumstances in determining whether consent breaks the causal chain between a prior Article I, section 12, violation and test results. *State v. Jarnagin*, 351 Or 703, 716, 277 P3d 535 (2012). Here, there was a two-hour break between the prior violation and the urine test. During that time, defendant was taken to the police station, his rights were read to him, his improperly seized phone was returned to him, and he was given privacy and an opportunity to call his lawyer. He then had the entire implied consent document read to him, consented to the breath test, was given another opportunity to call his lawyer, and consented to the urine test. The

totality of the circumstances allows a finding of voluntary consent. The trial court did not err in denying the motion.

Affirmed.