No. 406 May 7, 2025 369

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACOBE TYLER KORTGE HALSEY,
*Defendant-Appellant.*

Marion County Circuit Court
23CR12199; A181887

Audrey J. Broyles, Judge.

Submitted April 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Timothy C. Downin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of unauthorized use of a vehicle (UUV), ORS 164.135, and felon in possession of a restricted weapon (FIP), ORS 166.270(2). On appeal, he argues that the trial court erred by (1) denying his motion for a judgment of acquittal (MJOA) on the UUV count; (2) applying an incorrect legal standard as to the burden of proof for UUV; and (3) imposing per diem fees not announced on the record at sentencing. As described below, we remand for resentencing based on the error regarding the per diem fees and otherwise affirm.

*MJOA on UUV Count*. Defendant was charged with UUV after he was found in possession of a Toyota Corolla that was stolen from a parking lot in Eugene and driven to Salem, with a stop along the way at a gas station in Albany. Police were able to track the vehicle using the owner's cellphone, which she had left on the seat while going back into her workplace to obtain a forgotten item, and they recovered the vehicle from a car wash in Salem approximately two hours after it was stolen. When they located the vehicle, defendant was standing outside the driver's side door, vacuuming the interior, while another person vacuumed the passenger's side interior. Defendant's cellphone was on the driver's seat, his backpack was on the back seat, and he admitted to having discarded the owner's cellphone case in the car wash trash can located on the driver's side of the vehicle.

In the indictment, defendant was charged with UUV for having "knowingly operate[d] a vehicle" without the owner's consent and with the requisite culpable mental state for that form of UUV. *See* ORS 164.135(1)(a) (a person commits UUV when a person "knowingly takes, operates, exercises control over or otherwise uses another's vehicle" with a specified mental state and without the owner's consent). Defendant waived jury. In closing argument to the court, he argued that the state's evidence was legally insufficient to establish UUV, because there was "no indication that [he] was operating or even in the vehicle as it moved northbound on I-5." Such an argument in a bench trial

serves as an MJOA. *State v. Hubbell*, 371 Or 340, 343, 537 P3d 503 (2023).

On appeal, defendant challenges the denial of his MJOA, again arguing that the evidence was legally insufficient to prove that he "operated" the stolen vehicle. Although the evidence was circumstantial, in that none of the state's witnesses actually saw defendant driving, and somewhat thin, particularly given the presence of a second person at the car wash, we ultimately conclude that it was sufficient to give rise to a reasonable inference that defendant had driven the vehicle. *See State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (whether circumstantial evidence is sufficient to support a given inference is a question of law). Not all reasonable jurors might have been persuaded by the evidence on that point, but we agree with the state that it was legally sufficient to allow a reasonable inference without tipping into the realm of impermissible speculation. *See id.* (in assessing the legal sufficiency of the evidence to prove an element of an offense, we must allow for the factfinder to make "[r]easonable inferences," but not to engage in "speculation and guesswork"). "If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the [factfinder] is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts." *Id.* (internal quotation marks omitted). That is the case here, so the trial court did not err in denying defendant's MJOA on the UUV count.

*Burden of Proof for UUV Count.* In announcing its verdict on the UUV count, the trial court identified the central factual issue as being who operated the stolen vehicle, identified the relevant evidence regarding it being defendant, noted the tight timing and lack of evidence that it was someone else, and concluded, "So I do find, given all of the evidence, and the lack of evidence to refute what the state has produced, that [defendant] is in fact guilty of [UUV]." Defendant did not object or otherwise preserve any claim of error. On appeal, however, he contends that the trial court obviously misapplied the burden of proof, because the burdens of production and persuasion were entirely on the state

and defendant did not need to "refute" the state's evidence. He asks that we reverse his UUV conviction on plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (recognizing our discretion to correct "plain" errors despite nonpreservation).

We reject that argument, because we agree with the state that the error is not plain. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."). In context, it appears that the court was trying to say that all of the evidence pointed in a single direction—that defendant had driven the vehicle for some or all of the trip from Eugene to Salem—rather than meaning to suggest that defendant had some obligation to produce contrary evidence. Although the court's "refute" phrasing was inartful, in context, we are unpersuaded that the only inference on this record is that the court actually misunderstood or misapplied the burden of proof. Had defendant objected, the court could have clarified what it was trying to say. Because he did not, the record is susceptible to competing inferences, from which it follows that the alleged error is not "plain" for purposes of discretionary plain-error review. *Id.*

*Per Diem Fees.* In the judgment, the trial court included as part of the sentence on the FIP count that "[d]efendant shall pay any required per diem fees." The state concedes that it was error to include that term when it was not announced on the record at sentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (holding same). We agree and therefore remand for resentencing.

Remanded for resentencing; otherwise affirmed.