664 December 17, 2025 No. 1082

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Bonita Lynn ANDERSON,
*Petitioner-Respondent,*
*and*

David Allen ABBETT,
*Respondent-Appellant.*

Washington County Circuit Court
23DR14541; A184558

Maalik M. Summer, Judge.

Submitted October 15, 2025.

R. Brady Williams filed the brief for appellant.

Daniel S. Margolin and Margolin Family Law filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this domestic relations case, husband appeals from a general judgment of dissolution of marriage, raising three assignments of error. In his first assignment, husband challenges the trial court's decision to enforce a marital settlement agreement executed by the parties in 2019, arguing that the trial court evaluated the agreement under the incorrect legal standard. In his second assignment, husband argues that the trial court failed to consider an oral reconciliation agreement from 2020, which in his view superseded the 2019 agreement. Finally, in his third assignment, husband argues that the trial court erred in enforcing the marital settlement agreement without conducting a trial on the merits. We reject husband's second assignment of error as unpreserved, and we further conclude that the trial court did not err by granting wife's motion to enforce the agreement and declining to set a trial on the merits.[1] We therefore affirm.

We review the trial court's decision to enforce a marital settlement agreement for an abuse of discretion. *Brown and Brown*, 259 Or App 618, 624-25, 315 P3d 422 (2013), *rev den*, 355 Or 142 (2014). A trial court's exercise of discretion must comport with the applicable legal framework and lie within the range of legally permissible outcomes. *Olson and Olson*, 218 Or App 1, 16, 178 P3d 272 (2008). In conducting our review, we are bound by the trial court's express and implicit factual findings, if they are supported by any evidence in the record. *Haggerty and Haggerty*, 261 Or App 159, 161, 322 P3d 1101 (2014). With that standard of review in mind, we briefly state the relevant facts.

The parties married in 2013. In 2019, husband filed a petition for dissolution. That same year, the parties

---

[1] Specifically, on the second assignment of error, wife testified that, in 2020, after husband filed a petition for dissolution, the parties again reconciled and "came up with a workable different plan" to sell their respective houses and purchase a house together in central Oregon, although the parties did not "execute a new marital settlement agreement" at that time. Husband argues, for the first time on appeal, that that "plan" was a binding reconciliation agreement that effectively rescinded the 2019 marital settlement agreement. Because husband failed to preserve that argument for our review, we reject his second assignment without further discussion. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]").

negotiated and executed a marital settlement agreement. They then reconciled, and husband dismissed the petition. At the time of dismissal, the marital settlement agreement was not incorporated into a judgment or otherwise placed on the record. In 2023, wife petitioned for dissolution, placed the 2019 marital settlement agreement into the record, and moved to enforce it. As relevant, that agreement provided that, in the event of "any future dissolution," wife would receive $150,000 from husband's 401(k) retirement account and husband would pay wife $850 per month in maintenance spousal support for a period of three years. After a contested hearing, the trial court granted wife's motion and incorporated that agreement into a dissolution judgment, which is the subject of the present appeal.

In his first assignment of error, defendant relies on our decision in *Brown* to argue that the trial court erred in granting wife's motion because it evaluated whether the agreement was enforceable under ORS 107.104, when it was instead required to evaluate whether the agreement was equitable.

Under ORS 107.104, a trial court must enforce "a judgment incorporating a marital settlement agreement" unless doing so "would violate the law or would clearly contravene public policy." A trial court may, in its discretion, decline to enforce a settlement agreement that has not been incorporated into a judgment; however, given "the strong policy favoring settlements," such agreements are presumptively enforceable. *Haggerty*, 261 Or App at 166-67 (internal quotation marks omitted). Accordingly, "where there is a validly executed settlement agreement between the parties, the court must evaluate the terms of that agreement and should enforce [it] if [it is] within the range of what is just and equitable under the circumstances." *Id.* at 167; *see also* ORS 107.105(1)(d), (f) (providing that a trial court may award spousal support "as may be just and equitable" and divide property "as may be just and proper in all the circumstances"). In its evaluation, "a court should not substitute its own judgment of what is 'just and proper' for the parties' validly executed arm's-length settlement agreement." *Brown*, 259 Or App at 627. Applying those principles, in *Brown*, we

concluded that a trial court incorrectly evaluated whether a settlement agreement that had not been incorporated into a judgment was contrary to public policy under ORS 107.104, and because the record did not otherwise reflect that the trial court independently evaluated whether the agreement was just and equitable, we vacated and remanded the trial court's judgment. *Id.* at 628-29.

We conclude that this case is distinguishable. Unlike *Brown*, the arguments and evidence presented at the hearing on wife's motion focused on whether the marital settlement agreement was just and equitable. Specifically, at the hearing, wife argued that the agreement was "just and proper" and that "[e]quitable does not mean * * * it has to be a 50/50 division." Husband argued that, because the agreement had not been incorporated into a judgment under ORS 107.104, the trial court was *required* to deny wife's motion and proceed to a trial so that it could then determine whether the agreement was "just and proper." The trial court correctly rejected husband's argument, explaining that marital settlement agreements are intended to "short-circuit" the litigation process and that ORS 107.104 did not "prohibit[] this [c]ourt from" enforcing the agreement. *See Patterson and Kanaga*, 242 Or App 452, 469, 255 P3d 634, *rev den*, 351 Or 216 (2011) ("Oregon law encourages [marital settlement] agreements, both to decrease litigation and to remove dissolution proceedings from the adversarial process."). The trial court then asked whether the parties were prepared "to present evidence for me to make a determination about whether * * * [the agreement] is so outrageous that it's not enforceable" and further noted that "it doesn't have to be equal."

The parties proceeded to present evidence. Husband and wife both testified and generally described their work histories, wife's domestic contributions, as well as the couple's financial arrangements during the marriage and their respective incomes, monthly expenses, and retirement savings. Wife also introduced annual account statements for husband's 401(k), and husband introduced a demonstrative exhibit totaling contributions and investment gains to his 401(k) on a yearly basis during the marriage. In ruling to

enforce the marital settlement agreement, the trial court explained that whether the division of assets and support award were equitable was "relevant," that "wife's resources are a bit more limited" than husband's, and that "[a]n agreement need not be exactly what would be ordered by this [c]ourt in the event of a dissolution." Although the trial court also explained that the marital settlement agreement did not contravene public policy, in context, that reference can be fairly understood as referencing the state policy favoring the enforcement of marital settlement agreements that fall within the range of what is just and equitable. On that record, we conclude that the trial court permissibly exercised its discretion to enforce the marital settlement agreement and that its ruling comported with the governing legal framework as articulated in *Brown*.

Turning briefly to husband's third assignment of error, we conclude that it does not provide a basis for reversal. Husband argues that the trial court erred by denying his request to set a trial on the merits. Husband asserts that the parties had not exchanged full discovery at the time that the trial court ruled on the enforceability of the marital settlement agreement and that a trial was needed to develop the relevant facts.[2]

Under ORS 107.105(1)(f)(F), a trial court must require the parties to fully disclose their assets to assist the court in making a just property division. In the context of a prejudgment motion to enforce a settlement agreement, "the parties are entitled to discovery under ORS 107.105(1)(f)(F) that is relevant to the issue of whether the division of marital assets effected by the agreement is within a range that is just and proper in all the circumstances." *Pollock and Pollock*,

---

[2] Husband also argues that the trial court could not properly rule on wife's prejudgment motion to enforce the marital settlement agreement because the parties had not yet filed and served on each other a statement listing all marital assets and a Uniform Support Declaration as required by UTCR 8.010(3) and (4). Before the trial court, husband did not raise or develop any argument as to whether the Uniform Trial Court Rules limit a court's authority to rule on a prejudgment motion to enforce a settlement agreement. Accordingly, husband failed to preserve his argument for appellate review. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.").

357 Or 575, 591-92, 355 P3d 117 (2015). Consequently, where a marital settlement agreement does not indicate whether the parties have fully disclosed their assets, a trial court is obligated to resolve any pending discovery requests or motions to compel before deciding whether to enforce that settlement agreement. *Id.* at 592-94. Here, there were no pending motions to compel production, and the parties represented to the trial court that neither party had requested discovery that was not submitted. Moreover, the marital settlement agreement itself expressly provided that the parties had fully disclosed their assets. The trial court therefore did not err by declining to set a trial.

Affirmed.