No. 61      February 4, 2026      795

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTINA LYNN MAYSE,
*Defendant-Appellant.*

Josephine County Circuit Court
22CR21986; A181693

Brandon S. Thueson, Judge.

Argued and submitted June 6, 2025.

Janie Mogensen argued the cause for appellant. On the brief was Larry R. Roloff.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of computer crime, ORS 164.377, and one count of first-degree theft, ORS 164.055.[1] On appeal, defendant assigns error to the trial court's denial of her motions for judgment of acquittal (MJOAs) on both counts. For the reasons explained below, we affirm.

We review the trial court's denial of an MJOA to determine whether, "after viewing the facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Cassidy*, 331 Or App 69, 73, 545 P3d 203, *rev den*, 372 Or 763 (2024). Where a trial court's denial of an MJOA involves a question of statutory interpretation, we review that interpretation for legal error. *Id.* at 72.

Defendant was an employee at a 7-Eleven convenience store. In numerous instances when a customer paid in cash for items, defendant accepted the cash and aborted the transaction on the store's point of sale system (POS), the touchscreen and software connected to the store's cash register. When a transaction is aborted, any cash received does

---

[1] The judgment of conviction cites ORS 164.377(3) of the computer crime statute. That subsection provides:

"Any person who knowingly and without authorization alters, damages or destroys any computer, computer system, computer network, or any computer software, program, documentation or data contained in such computer, computer system or computer network, commits computer crime."

The indictment charged defendant under ORS 164.377, without specifying a subsection, alleging that defendant "did unlawfully and knowingly use a computer *** for the purpose of committing theft." That language is consistent with ORS 164.377(2)(c), which provides in relevant part:

"Any person commits computer crime who knowingly accesses, attempts to access or uses, or attempts to use, any computer, computer system, computer network or any part thereof for the purpose of:

"*****

"(c) Committing theft, including, but not limited to, theft of proprietary information or theft of an intimate image."

It appears that all parties, in the trial court and on appeal, agree that defendant was charged and convicted under ORS 164.377(2)(c) and not subsection (3). We also proceed under that understanding and assume the judgment contains a scrivener's error. *See* ORS 137.172(1) (stating that the trial court retains authority after entry of the judgment to correct clerical errors or modify any erroneous term).

not register in the system. The customer, unaware that the transaction was aborted, would leave the store with the merchandise. Defendant then generally placed the cash on the left side of the cash drawer, apart from other cash. There was at least one instance where video evidence showed defendant taking the cash after aborting the transaction and concealing it in her personal belongings. Another video showed cash missing from the left side of the cash drawer six minutes after the video showed defendant placing it there. During the relevant time period, the store never detected any overages in cash consistent with the cash remaining in the store's possession after defendant aborted the transactions. Upon confrontation by an asset protection manager, defendant admitted to a few instances of theft, but disputed the total amount taken.

The state charged defendant with one count of computer crime, alleging that she "did unlawfully and knowingly use a computer * * * for the purpose of committing theft." The state also charged defendant with one count of first-degree theft. At trial, after the state rested, defendant moved for judgment of acquittal on both counts. The court denied the MJOAs, and the jury found defendant guilty as charged.

On appeal, defendant challenges the trial court's denial of each MJOA. With respect to the computer crime charge, defendant does not dispute that the POS was a computer, but she argues that her conduct did not fit the criteria for a computer crime and that, even if the statute applied, she did not "use" the POS to commit theft, as required by ORS 164.377(2)(c), because any theft occurred independently of her use of the POS to abort transactions. Defendant acknowledges that she did not raise those particular arguments in the trial court, and, to the extent that we conclude that her arguments were not preserved, she requests plain-error review. Having reviewed the record, we conclude that defendant's arguments were not preserved. In her MJOA in the trial court, defendant relied on different arguments and never contended that there was no evidence that she used the system to commit a theft.[2]

---

[2] At trial, defendant moved for a judgment of acquittal arguing that the state failed to establish (1) that the POS was a computer or (2) that defendant had accessed the POS "without authorization." Defendant also asserted that the statute was unconstitutionally overbroad. Defendant does not reprise those

If a claim of error is unpreserved, the only review available is discretionary plain error review. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000); ORAP 5.45(1). An error is "plain" when it is an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Under ORS 164.377(2)(c), a person who knowingly "uses" a computer for the purpose of committing theft commits computer crime. Despite that broad language, the Supreme Court has explained that the legislature "never intended that provision to reach every act of theft that somehow involved using or otherwise accessing a computer." *State v. Azar*, 372 Or 163, 181, 547 P3d 788 (2024). The Supreme Court provided the following limiting principle:

> "[F]or a person's use or accessing of a computer to be 'for the purpose of * * * [c]ommitting theft' under ORS 164.377(2)(c), the theft at issue must either interfere with another's property rights in—or electronically located on—a computer, computer system, or computer network, or depend on such computer technology as the means of accessing the thing that the person seeks to unlawfully obtain."

*Id.* at 183-84 (first brackets added). The court emphasized that, despite that limitation, "ORS 164.377(2)(c) remains broadly applicable." *Id.* at 184. Although the court did not delineate the full range of conduct that ORS 164.377(2)(c) might reach, it observed that it could capture "conduct that takes place via a computer but that affects interests existing outside the digital realm." *Id.*

In this case, any error is not plain because it is at least not obvious that defendant's conduct cannot have constituted computer crime as limited by *Azar*. The state provided evidence of multiple instances where defendant used the abort function on the POS to prevent the system from logging a transaction, accepted cash from the customers, and allowed the customers to leave the store with merchandise. In at least one instance, there was evidence

arguments on appeal, nor do those arguments preserve the new bases she asserts on appeal for challenging the denial of the MJOA. *See Cassidy*, 331 Or App at 73 (explaining that to preserve an argument in the context of an MJOA, a defendant must state the specific theory on which the state's proof was insufficient).

of defendant taking the cash after aborting the transaction and placing it in her personal items. That evidence could support a conclusion that defendant *used* the POS to commit theft of cash that belonged to the store. We do not decide the merits of defendant's argument in a preserved context. Suffice it to say, it is at least not obvious that defendant's use of the POS system's abort function did not depend on computer technology as the means of unlawfully taking cash from the store. *Azar*, 372 Or at 183-84. Further, beyond her textual arguments and reliance on *Azar* for its general rule, defendant points to no case law addressing the relevant statute in similar factual circumstances. *See State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (legal point on which the defendant relied was not "obvious," because "[n]o Oregon appellate court [had] considered the issue, let alone held that [the] defendant's position [was] correct"). Given that background, we cannot say that it was obvious that the trial court should have granted defendant's MJOA based on an argument that had not been presented to it. The trial court did not plainly err in denying defendant's MJOA on the computer crime charge.

We now turn to defendant's assignment of error relating to the first-degree theft charge. Defendant contends that the trial court erred in denying her MJOA on that count because the state failed to prove that she had committed theft of $1,000 or more as required to prove first-degree theft under ORS 164.055(1)(a).

The state provided an investigation report showing aborted transactions associated with defendant totaling $4,775.43 from August 2021 to January 2, 2022. In addition, the state had video evidence from December 10, 2021, to January 2, 2022, of defendant aborting transactions, receiving cash from customers, and product leaving the store. The investigation report showed a loss from aborted transactions associated with defendant of $1,436.51 from December 10, 2021, to January 2, 2022. Due to a system upgrade, video was unavailable prior to those dates. As noted above, after aborting the transactions, defendant often put the cash in the left side of the register, apart from other cash. Defendant emphasizes that the state only

directly demonstrated that she actually took and concealed cash on one or two instances, which could not total $1,000 or more. But the evidence showed defendant consistently aborting transactions when customers paid in cash and then not placing that cash in the appropriate place in the cash drawer. The evidence also established that the cash did not remain in the store's possession, because the store did not report any cash overages during the relevant time period. Viewed in the light most favorable to the state, the evidence is sufficient for a rational factfinder to make a reasonable inference that defendant took $1,000 or more from the store during the charged time period. The trial court did not err in denying defendant's MJOA on the first-degree theft charge.

Affirmed.