GARRETT, J.
*826 Defendant has petitioned for reconsideration of our decision in State v. Anderson , 293 Or.App. 697, 429 P.3d 742 (2018). Defendant appealed his conviction for resisting arrest, ORS 162.315, arguing, among other things, that the trial court erred in denying his motion for a judgment of acquittal (MJOA) because there was insufficient evidence to prove that defendant intended to cause a "substantial risk of physical injury," ORS 162.315(2)(c). We held that defendant had failed to preserve that argument. In his petition, defendant argues that our preservation analysis did not accurately characterize the arguments that defendant made below. Upon reconsideration, as explained below, we adhere to our conclusion that defendant failed to preserve his argument on appeal, albeit for reasons different than we articulated in our original opinion. We accordingly allow defendant's petition for reconsideration, modify our former opinion, and adhere to it as modified.
As we set out in Anderson , 293 Or.App. at 699-700, 429 P.3d 742, defendant was charged with resisting arrest after an altercation with police officers who were trying to arrest him. During the altercation, defendant refused to put his arms behind his back, "tensed up very hard," and tried to "push his way through" three officers. Officers "wrestled" and "stumbled" with defendant while trying to handcuff him, eventually taking him to the ground. Defendant relented only after officers threatened to use a Taser.
At trial, defendant moved for a judgment of acquittal. During argument, defense counsel initially stated, "it's the defense position that no reasonable fact finder could find beyond a reasonable doubt based on the evidence presented by the State that my client is guilty of any of these * * * charges." The trial court then clarified that, "[w]hat you're *1202 making now is an argument that no reasonable fact finder, in the light most favorable to the State, could find beyond a reasonable doubt in favor of the State on all of the elements of all of the charges." As to the resisting arrest charge, counsel argued:
"And, Judge, now we're at the statute looking at-and you as the fact finder get to decide this, whether my client's *827 actions intentionally-(inaudible) charged here, intentionally created a substantial risk of physical injury to any person. * * *
"What do we have here? Resist-again under the statute-'resist' means the use or threatened use of violence, okay? So there's no evidence that my client threatened violence or used violence against the officers, Your Honor. Physical force or any other means that creates a substantial risk-I think substantial is important here, Your Honor-substantial risk of physical injury to any person. We've already talked about physical injury, that's been defined by statute, you know what that means, substantial pain or impairment of physical condition. So did my client's actions intentionally, not the police officers' actions but my client's actions intentionally create a substantial-which I believe means, you know, fairly high level, Your Honor-risk of physical injury to any of the four of them that were involved in this attempt to handcuff my client? I would assert, Your Honor, that my client's actions by simply tensing up his arms to his side did not create a substantial risk of injury to himself or any of the officers. I would argue on the contrary, the officers' actions in escalating the situation in tackling him to the floor created a substantial risk.
"In fact, [the state] asked two of the officers if in their opinion my client's actions created a risk, or I don't know if he said substantial risk but let's say substantial risk of physical injury to any of them, and two of them testified yes, but then both of them started talking about what they had done."
The trial court denied defendant's MJOA.
On appeal, one of defendant's arguments focused on the mental state required for the crime of resisting arrest under ORS 162.315 -"intentionally"-and the statutory definition of "resists," which requires the creation of "a substantial risk of physical injury to any person." ORS 162.315(2)(c). Defendant's argument was that, under ORS 162.315(2), the state was required, but had failed, to prove that defendant "had the conscious objective to create a substantial risk of physical injury." In other words, defendant argued that the statute requires the mental state of "intent" not merely with respect to a person's acts of resistance, but also with respect to the resulting risk of physical injury.
*828 We declined to consider that argument, which was an issue that this court had yet to decide. We explained:
"Defendant's argument is one of statutory construction. However, it is not one that defendant made below. * * *
"Although [defendant] did argue that ORS 162.315 requires proof that he 'had the conscious objective to create a substantial risk of physical injury' to himself or the officers, he never asked the trial court to determine the sufficiency of the evidence on that question. In the trial court, the statement most closely connected to defendant's argument on appeal is the following: 'Judge, now we're at the statute looking at-and you as the fact finder get to decide this, whether my client's actions intentionally-(inaudible) charged here-intentionally created a substantial risk of physical injury to any person.' That did not present a legal argument about the sufficiency of the evidence of defendant's mental state; instead, it was a factual argument about how the court, as factfinder, should view the evidence.
"Accordingly, defendant's argument is unpreserved, and we decline to address it."
Anderson , 293 Or.App. at 703-04, 429 P.3d 742.
In his petition for reconsideration, defendant con-tends that he did, in fact, ask the trial court to determine whether the evidence was sufficient to prove that defendant "had the conscious objective to create a substantial risk of physical injury." We agree with defendant *1203 that our original opinion is incorrect to the extent that it stated that defendant never made a "sufficiency of the evidence" argument to the trial court. Defense counsel explained to the trial court that all of the arguments in defendant's MJOA concerned the sufficiency of the evidence, and the trial court acknowledged understanding that position.
The problem remains, however, that defendant did not advance the same legal-sufficiency argument below that he raises on appeal. On appeal, defendant's argument is that the state was required, but had failed, to present sufficient evidence to prove that defendant "had the conscious objective to create a substantial risk of physical injury." In context, defendant's argument below was that the evidence *829 was insufficient to establish that his particular intentional conduct (tensing his arms and pushing past police officers) was so severe that it created a substantial risk of physical injury, as illustrated by defense counsel's statements:
"So did my client's actions intentionally, not the police officers' actions but my client's actions intentionally create a substantial-which I believe means, you know, fairly high level, Your Honor-risk of physical injury to any of the four of them that were involved in this attempt to handcuff my client? I would assert, Your Honor, that my client's actions by simply tensing up his arms to his side did not create a substantial risk of injury to himself or any of the officers. I would argue on the contrary, the officers' actions in escalating the situation in tackling him to the floor created a substantial risk .
"In fact, [the state] asked two of the officers if in their opinion my client's actions created a * * * substantial risk of physical injury to any of them, and two of them testified yes, but then both of them started talking about what they had done."
(Emphases added.)
In short, defendant's argument on appeal focused not on whether his physical actions caused a substantial risk of physical injury; his argument on appeal focused on whether ORS 162.315 requires the state to establish that defendant had a conscious objective to create a substantial risk of physical injury, and whether the state successfully established that element by presenting sufficient evidence to permit a reasonable, nonspeculative inference that defendant had the requisite intent.
That distinction is important, because defendant's argument on appeal involved a nuanced interpretation of ORS 162.315 that has not yet been adopted by this court or the Supreme Court. Neither the trial court nor the state had adequate notice, from defendant's argument below regarding the nature of his physical conduct, that defendant was also making the separate-and novel-statutory-construction argument that ORS 162.315 requires a particular mental state as to the "substantial risk of physical injury" element. Had defendant made that argument below, the prosecution *830 would have had reason to further develop the record regarding defendant's subjective state of mind. See Peeples v. Lampert , 345 Or. 209, 219-20, 191 P.3d 637 (2008) (purposes of the preservation requirement are to (1) apprise the trial court of a party's position such that it can consider and rule on it, (2) ensure fairness to the opposing party by avoiding surprise and allowing that party to address all issues raised, and (3) foster full development of the record); State v. Wyatt , 331 Or. 335, 343, 15 P.3d 22 (2000) (to satisfy preservation requirement, party's argument to trial court must be "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted").
Accordingly, we modify our opinion to accurately characterize defendant's argument to the trial court, and otherwise adhere to our disposition.
Reconsideration allowed; former opinion modified and adhered to as modified.