Submitted July 23, affirmed September 9, 2021

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**SYLVIA KIMBERLY KIESAU,**
*Defendant-Appellant.*

Crook County Circuit Court
18CR65192; A172178

496 P3d 1151

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, ORS 813.010, contending that the trial court erred by denying her motion for a mistrial during the prosecutor's closing argument. During that closing, the prosecutor argued, "So, we have evidence showing Defendant is guilty, we have credibility of our trooper, and we have your common sense—." According to defendant, the prosecutor's statement about the officer's credibility constituted impermissible vouching and denied her the right to a fair trial. *Held*: A prosecutor's statement about the credibility of a witness must be viewed in the context in which it occurred. Based on its context, the trial court understood the prosecutor's reference to "credibility of our trooper" to be a permissible argument that, given all the evidence presented and discussed, the jury should regard the trooper as credible. Regardless of whether that understanding was correct, the court did not err in denying the motion for a mistrial. When the fleeting reference to "credibility of our trooper" is viewed in the broader context of the prosecutor's argument and the evidentiary record as a whole, it had no potential to deny defendant the right to a fair trial and provided no basis for reversing the judgment.

Affirmed.

Michael R. McLane, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, ORS 813.010, and she advances two assignments of error. One of those assignments is based on the trial court's failure to instruct the jury that it must return a unanimous verdict; we reject that assignment in light of the fact that the verdict ultimately returned by the jury was unanimous. *See State v. Flores Ramos*, 367 Or 292, 294, 478 P3d 515 (2020) (rejecting a similar claim of structural error concerning jury unanimity).

In her remaining assignment of error, defendant contends that the trial court erred by denying her motion for a mistrial after what defendant characterizes as prosecutorial vouching. During the state's closing, the prosecutor argued, "So, we have evidence showing Defendant is guilty, we have credibility of our trooper, and we have your common sense—." At that point, defendant objected. The jury was excused, and defendant requested a mistrial on the ground that "to argue the credibility of the officer is the State vouching for their case," and that "we are building to the point [that] there is no curative instruction the Court can give this jury to overcome that unfair prejudice." The trial court denied the mistrial motion, explaining that it did not hear "any personal vouching, what I heard was counsel arguing that her witness was credible. And I think that's permissible in closing argument to argue that the credibility of her witness should be—have been established."

We conclude that the trial court did not err in denying the motion. The rule against prosecutorial vouching—*i.e.*, prosecutors giving their personal opinions on the credibility of witnesses—is rooted in the principle "that counsel's credibility opinions are not evidence and are sometimes based on facts not in evidence—thus, they tend to distract the jury from its duty to base its verdict on the evidence at trial." *State v. Sperou*, 365 Or 121, 129, 442 P3d 581 (2019). When counsel improperly discloses an opinion regarding a witness's credibility, the trial court has discretion in fashioning an appropriate remedy; however, the court *must* craft an appropriate remedy where the vouching causes a defendant to be denied a fair trial. *Id.* at 129-30.

It is debatable, on this record, whether the prosecutor's statement that "we have credibility of our trooper" even constitutes a personal opinion on the credibility of the trooper. A prosecutor is not categorically prohibited from referring to the credibility of a witness. Whereas the rule against vouching prohibits counsel from expressing personal opinions as to witnesses' credibility, "counsel may argue that the jury should regard a witness as credible (or not) based on, for instance, the witness's demeanor and testimony." *Id.* at 135 (emphasis omitted); *id.* at 136 (citing *State v. Madden*, 100 NE3d 1203, 1211 (Ohio Ct App 2017) ("[A] prosecutor's statement on witness credibility is not [improper] where it neither implies knowledge of facts outside the record nor places the prosecutor's personal credibility at issue." (Internal quotation marks omitted.))); *Davis v. Cain*, 304 Or App 356, 364, 467 P3d 816 (2020) ("[P]rosecutors have substantial leeway to argue about the evidence and to try to persuade jurors to their view of the evidence, but they may not interject their own personal views of a witness's credibility." (Emphasis omitted.)).

For that reason, we do not consider a prosecutor's statement on credibility in isolation but rather in the context in which it occurred. *See Sperou*, 365 Or at 128 ("[C]ertain statements might be vouching in some contexts but not others. Accordingly, it is important to consider each statement in the context in which it was made."). In this case, the prosecutor's statement that "we have credibility of our trooper" was immediately preceded by the prosecutor's summary of what had been established by the state's case, which the prosecutor introduced rhetorically with the question, "So, what—what do we have that shows—shows you that?" The prosecutor then described the evidence regarding defendant's incoherent responses to the state trooper; the trooper's testimony about defendant's performance on a horizontal gaze nystagmus test; the trooper's testimony about how alcohol consumption causes the "clues" about impairment that were observed; defendant's evolving admissions to drinking earlier in the day; evidence of a "Bend Brewfest" cup hanging from defendant's neck; her incomplete walk-and-turn test; dashcam video footage of defendant driving, performing tests, and being arrested, which the jury was

able to watch; and breath test results revealing a blood alcohol content of .19 percent.

Viewed in the context of that preceding argument, the trial court understood the prosecutor's reference to "credibility of our trooper" to be a permissible argument that, given all the evidence presented and discussed, the jury should regard the trooper as credible. Whether that understanding is correct is a close question that we need not conclusively resolve in this case. At best, the prosecutor's reference to credibility was ambiguous. Although it may have been proper for the court to sustain an objection and instruct the jury to disregard the prosecutor's ambiguous reference, that was not what defendant requested. Defendant asked for a mistrial on the ground that the reference denied him the right to a fair trial. However, when the fleeting reference to "credibility of our trooper" is viewed in the broader context of the prosecutor's argument and the evidentiary record as a whole, it had no potential to deny defendant the right to a fair trial and provides no basis for reversing the judgment.

Affirmed.