No. 13 January 4, 2024 135

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE KEVIN MALONEY,
*Defendant-Appellant.*

Lane County Circuit Court
20CR69480; A178096

Charles M. Zennaché, Judge.

Submitted October 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction after a jury trial for one count of unlawful sexual penetration in the second-degree, ORS 163.408, and two counts of sexual abuse in the first-degree, ORS 163.247, involving two separate encounters with a 12-year-old child, Z. He assigns error to the trial court's overruling of his objection to the prosecutor's closing argument for vouching and a violation of OEC 608 by arguing about Z's reputation for truthfulness. We affirm.

In his first assignment of error, defendant contends that the trial court erred in overruling his objection to the state's closing argument as improper vouching. As to the suggestion that the victim was fabricating the allegation, the prosecutor argued that it "would be pretty diabolical of [Z] to do that, and it's just not in her nature that we saw to come up with something like that." The trial court overruled defendant's vouching objection, finding that the prosecutor's comment "was simply argument to the jury about the credibility of witnesses, [which is] something [the prosecutor]'s allowed to do." On appeal, defendant contends that the prosecutor's argument "suggested that the prosecutor was aware of facts that were not in evidence about [Z's] 'nature,'" and that that constituted vouching because it "essentially signaled to the jury that the prosecutor knew [Z] was telling the truth." The state responds that, in context, the statement referenced "the type of evidence that the *jury* should rely on to assess witness credibility."

Whether a statement constitutes impermissible vouching is a question of law. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). Prosecutorial vouching occurs when "prosecutors giv[e] their personal opinions on the credibility of" a witness *State v. Kiesau*, 314 Or App 327, 328, 496 P3d 1151 (2021). Context matters when evaluating vouching statements: "[c]ertain statements might be vouching in some contexts but not others." *Sperou*, 365 Or at 128. In context, the prosecutor argued:

"We heard the Kids First interview [and] how articulate [Z] was. *** [I]f she didn't know the answer, she just said I don't know or I'm not exactly sure. *** There was nothing

about the way that she testified that made it seem like she was just out to get [defendant]. She came here to say this is just what happened to me and it is what it is.

"The second part here is the nature or quality of the witness' testimony. And we saw that this interview was conducted at the Kids First Center. * * * [A]lthough [defendant] did adamantly deny that this happened, one thing you didn't hear is why [Z] would make something like this up. We heard that [th]ere was a dispute in the family about a Trail card and we heard that [defendant] called [Z's mother] some mean words. But that is—common sense and reason tells us that that's not going to be a reason why a 12-year-old would make up allegations of sexual abuse. That would be pretty diabolical of [Z] to do that, and *it's just not in her nature that we saw to come up with something like that.*"

(Emphasis added.)

In that context, it is clear that the contested statement refers directly back to the prosecutor's preceding argument about the "nature or quality" of the evidence relating to Z's credibility, which included the Kids First Center video interview and Z's testimony. The prosecutor's additional comment—"that we saw"—reinforces that notion; she was alluding to the evidence that the jury saw—not facts outside the record that only she was privy to. *See Davis v. Cain*, 304 Or App 356, 364, 467 P3d 816 (2020) (explaining that prosecutors "have substantial leeway to argue about the *evidence* and to try to persuade jurors to their view of the evidence," however, "they may not interject their own personal views of a witness's credibility" (emphasis in original)). We therefore reject defendant's first assignment of error.

In his second assignment of error, defendant contends that the same statement violated OEC 608, which governs when a party may attack or support a witness's credibility in the form of reputation or opinion evidence.[1] At trial, defendant stated: "I'm going to object, vouching."

---

[1] OEC 608 provides in pertinent part:

"(1) The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but:

"(a) The evidence may refer only to character for truthfulness or untruthfulness; and

Defendant argues that that objection preserved the "character-for-credibility" argument he now makes on appeal because vouching "trace[s] back" to OEC 608. However, that objection was not specific enough to alert the trial court that defendant was challenging that the prosecutor improperly argued about Z's reputation for truthfulness despite a lack of evidence in the record attacking that reputation. *See* OEC 608(1)(b) (allowing evidence about a witness's reputation for truthfulness "only after the character of the witness for truthfulness has been attacked"); *see also State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (requiring that an objection is "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error").

Defendant requests that, if we conclude that the argument is not preserved, we review for plain error under ORAP 5.45. An error is plain when, among other things, it is "obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). In this case, it is not obvious that the prosecutor's *argument* presented any *evidence* about Z's reputation for truthfulness in violation of OEC 608. Accordingly, any error is not plain.

Affirmed.

---

"(b)  Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."