Submitted January 12, affirmed February 9, 2022

In the Matter of M. R. G.-E.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

M. R. G.-E.,
*Appellant.*

Marion County Circuit Court
J140652;
A174649 (Control), A174650

505 P3d 503

Cheryl A. Pellegrini, Judge.

Erica Hayne Friedman and Youth, Rights & Justice filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Youth appeals from the juvenile court's judgment ordering him to register as a sex offender under ORS 163A.025. Youth assigns as error the juvenile court's finding that youth did not meet his burden to prove rehabilitation by clear and convincing evidence. We affirm.

The bulk of youth's challenge to the juvenile court's finding relates to its construction of ORS 163A.030(7)(b).[1] Specifically, youth argues that the phrase "rehabilitated and does not pose a threat to the safety of the public" refers to the specific threat of committing a subsequent sex offense. *Id*. Therefore, to the extent that the juvenile court relied on facts relating to threats to public safety other than a risk of sex-offense recidivism, youth contends that the court erred. Youth further contends that the evidence in the record as a whole does not support the juvenile court's finding that he had not met his burden of proving rehabilitation. The state responds that youth's statutory construction arguments are not preserved and that the evidence supports the juvenile court's finding.

We agree with the state that youth failed to preserve the statutory construction argument. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * * provided that the appellate court may, in its discretion, consider a plain error."). Here, youth did not alert the court to its argument that the evidence relied upon must specifically relate to the threat of committing a sex offense as opposed to the threat of other criminal activity, nor does youth request plain-error review in this court. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (In order to preserve an argument, the party "must provide the trial court with an explanation of [its] objection that is specific enough

---

[1] ORS 163A.030(7)(b) sets out the burden of proof at a hearing on the issue of juvenile sex offender registration. It provides:

"The person who is the subject of the hearing has the burden of proving by clear and convincing evidence that the person is rehabilitated and does not pose a threat to the safety of the public. If the court finds that the person has not met the burden of proof, the court shall enter an order requiring the person to report as a sex offender under ORS 163A.025."

to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately."); *State v. Hallam*, 307 Or App 796, 803, 479 P3d 545 (2020) ("We ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so.").

As far as youth's general sufficiency of the evidence argument, the evidence supports the juvenile court's decision. Youth bore the burden to prove "by clear and convincing evidence that [he was] rehabilitated and [did] not pose a threat to the safety of the public." ORS 163A.030 (7)(b). Youth's record while on probation included a violation related to sexual contact, two adult convictions for domestic violence, and therapist evaluations referring to youth's continued issues with hypersexuality and acting out sexually. We will reverse a juvenile court's finding that it was not persuaded by the evidence "only if the record would compel *every* reasonable juvenile court to be persuaded that youth *had* met that burden." *State v. A. L. M.*, 305 Or App 389, 399, 469 P3d 244, *rev den*, 367 Or 218 (2020) (emphasis in original). On this record, we cannot say that "*every* reasonable juvenile court" would be compelled to find that youth had established by clear and convincing evidence that he was rehabilitated and did not pose a threat to public safety.

Affirmed.