***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 17, affirmed May 17, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRAIG ALAN McNUTT,
aka Craig A. McNutt,
*Defendant-Appellant.*

Jackson County Circuit Court
14CR30680; A176513

David J. Orr, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug A. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In 2016, defendant was convicted by nonunanimous jury verdict of first-degree aggravated theft and ordered to pay $10,001 in restitution as part of his sentence. The Oregon Supreme Court reversed defendant's conviction under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020) (holding that it violates the Sixth Amendment to the United States Constitution to convict someone of a serious offense based on a nonunanimous verdict), and remanded. *State v. McNutt*, 366 Or 491, 464 P3d 427 (2020). Defendant was retried, convicted again, and ordered to pay $19,620 in restitution as part of his sentence.

In a single assignment of error challenging that restitution award, defendant argues that, under *State v. Reinke*, 289 Or App 10, 408 P3d 249 (2017), *rev den*, 362 Or 665 (2018), the restitution findings made by the sentencing court in the original trial were binding on the sentencing court after retrial as "law of the case," such that the court erred by imposing a higher restitution amount after retrial. *See id.* at 18 (following reversal of the defendant's sentence and remand for resentencing, the first court's unchallenged dangerous-offender finding was binding on remand as "law of the case"). We do not reach the merits of defendant's argument because we conclude that the claim of error is unpreserved. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal.").

At two hearings and in supplemental briefing, the parties addressed the court's sentencing authority on retrial. At the first hearing, the state cited *State v. Partain*, 349 Or 10, 25-26, 239 P3d 232 (2010), a case involving a remand for resentencing in which the Supreme Court held that a trial court has authority on remand to impose a "more severe" sentence as long as it is "not a product of vindictiveness" and the court's reasons affirmatively appear on the record and are based on facts of which the first sentencing judge was unaware. The state took the position that *Partain* applies to any sentencing proceedings on remand after a successful appeal and, as relevant here, argued that the court should impose a higher restitution amount based

on different evidence. Defendant objected to the state's recommended sentence, invoked double jeopardy and procedural due process principles, and argued that the court's restitution-related factual findings at sentencing in the first trial were binding on the court at sentencing in the retrial.

The court set over the hearing to read the cases that the parties had cited and to allow time for supplemental briefing. The court explained, as relevant here, that the retrial evidence supported imposing $19,620 in restitution but that it was unsure whether "*res judicata*" precluded it from imposing a higher amount than imposed after the first trial. Defendant filed a supplemental brief in which he sought to distinguish *Partain* on procedural grounds and made various other arguments. The state then filed its supplemental brief, citing cases in support of its position that the court could impose a harsher sentence on remand subject to the limitations in *Partain*.

The court then held another hearing, which was the final hearing on sentencing. At the outset of that hearing, defendant admitted that "the research" was "conclusive" that the court did in fact have authority to sentence him to "additional time and additional sanctions" relative to what had been imposed after the first trial, so long as the court puts its reasons on the record and they were adequate. He then described "the second question"—and the subject of the present hearing—as being whether the court "should" do that.[1] Defendant proceeded to make arguments as to why it should not, including challenging the victim's credibility and arguing that the state's sentencing recommendation evinced vindictiveness. Those arguments were ultimately

---

[1] Specifically, defendant stated to the court:

"Well, Your Honor, this situation presents us with two questions really. The first question is, can the Court sentence him to additional time and additional sanctions that was not imposed on him after the first conviction? I think that the research in that regard has been conclusive with respect to the fact that the Court can, in fact, do that, have the authority to do that, and what the requirements are for you to exercise that authority, specifically to put something on the record which adequately supports such a finding and such a ruling.

"Then the second question is, should you? And that's what we're talking about now[.]"

unsuccessful, and the court imposed the higher restitution amount that was proved at retrial.

Thus, at the final hearing, defendant effectively withdrew his previous arguments that the court *could not* impose a more severe sentence—including a higher restitution amount—and argued only that the court *should not* do so because the victim was not credible and the state was being vindictive. On appeal, defendant attempts to resurrect his argument that the court *could not* impose a higher restitution amount and committed reversible error by doing so, but he cannot change course again at this point. The claim of error is unpreserved, so we cannot review it, except on a discretionary basis for "plain" error. *See* ORAP 5.45(1). Defendant has not requested plain-error review, nor would the alleged error here qualify as "plain" in any event. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for an error to be "plain," including that the legal point is obvious and beyond reasonable dispute).

Affirmed.