584 August 13, 2025 No. 725

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN HINTON,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR06183; A180545

Sheryl Bachart, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, defendant challenges the denial of sentence-reduction eligibility under ORS 137.750, asserting that the trial court's findings are not legally sufficient to justify its order. We conclude that defendant did not preserve a challenge to the legal adequacy of the findings and further conclude that, in any event, the court made the necessary findings of aggravating facts. Accordingly, we affirm.

Because the parties are familiar with the undisputed procedural and underlying facts, we do not provide a detailed recitation of that background for this nonprecedential memorandum opinion. Briefly stated, defendant pleaded guilty to six crimes arising out of his repeated sexual assault of the daughter of his romantic partner and inducing the victim to consume methamphetamine. Before sentencing, defendant filed a sentencing memorandum that urged the trial court to keep him eligible for sentencing-reduction programs and asserted that there were no substantial and compelling reasons to deny such eligibility. Ultimately, the trial court—after finding that the harm went beyond the incidents of abuse and that the victim was seriously traumatized by the years of sexual abuse that started when she was nine years old and culminated in multiple rapes when she was 14 years old—denied eligibility and sentenced defendant to a 204-month term of incarceration.[1]

---

[1] In addressing defendant's request to be eligible for early-release options under ORS 137.750(1), the trial court explained:

"[THE COURT]: The Court in weighing these factors and carefully reviewing the report from Dr. Senn, the lack of insight defendant has I will say into the—into his crimes. Allowing good time or early release, I find would not be proportionate to the harm caused in this case. One of the harms that was in this case is the absolute violation of trust of what this victim referred to as her father. The repeated nature of the abuse, it only stopped because she disclosed to somebody outside of the family.

"Again, I know the State talked about the abuse starting when she was in third or fourth grade and continuing all the way until she was age 14. That's not what the defendant pled to, but even accepting what defendant pled to the—the first incident or the first sex abuse occurring while she was age of nine, and then she lived with that for five years before he started repeatedly raping her.

"The victim in this case did absolutely nothing to deserve this, despite the statements of [defendant] to the contrary.

On appeal, defendant raises five assignments of error and argues that the trial court erred when it denied sentence-reduction eligibility based on "unproven conduct, misapprehension of defendant's recidivism risk," and a failure to explain "why the guideline sentences, imposed consecutively, were insufficient to adequate[ly] address the harm in this case." The difficulty with defendant's argument is that he did not challenge the sufficiency of the trial court's findings at sentencing, which would have provided an opportunity for the parties to litigate the issue and for the trial court to address any potential error. *See, e.g.*, *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (outlining the preservation requirements); *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) (explaining that one of the purposes of the preservation requirement is to ensure that the opposing party and the trial court were given enough information "to be able to understand the contention and to fairly respond to it"). Accordingly, we reject defendant's argument as unpreserved for appellate review.

Moreover, even assuming that defendant preserved his arguments on appeal, the trial court's findings are legally sufficient. To the extent that defendant asserts that the court used "unproven conduct" in sentencing defendant, we disagree. In particular, the court's oral ruling specifically acknowledged that it could "only impose sentence[s] for those crimes for which the defendant enter[ed] a plea," and it further noted the limited scope of what defendant pleaded to when it found that "the first incident or the first sex abuse occurring while [the victim] was age of nine, and then she lived with that for five years before he started repeatedly raping her." Furthermore, defendant argues that the court's finding that he was "more than a moderate" recidivist risk

---

"I find that the defendant is more than a moderate recidivistic risk."

The court later explained:

"[THE COURT]: For the reasons previously stated, the Court finds substantial and compelling reason to deny defendant's eligibility for any type of early release or reduction in the sentence he would otherwise be eligible for.

"The Court finds to allow AIP [alternative incarceration programs], and to allow for good time would not be proportionate to the harm in this case and would unduly reduce this sentence given the conduct which these conviction[s] represent, and the risk that the defendant poses to the community and his own children."

lacked evidentiary support; however, although Dr. Senn's psychosexual evaluation concluded that defendant was a moderate risk for sexual recidivism, the court did not have to accept that conclusion, especially given that defendant minimized his conduct when interviewed for the evaluation. Similarly, defendant's challenge to the sufficiency of the court's findings fails to account for the court's extended findings when it sentenced defendant. In short, after reviewing the record and the trial court's findings at sentencing and in the judgment, we reject defendant's challenge to the sufficiency of the findings supporting the denial of sentence-reduction eligibility under ORS 137.750.

Affirmed.