Argued and submitted February 25, affirmed March 23, 1994

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY ALLEN McKOON,
*Appellant.*

(92C20906; CA A78493 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY A. McKOON,
*Appellant.*

(92C21442; CA A78494)
(Cases Consolidated)

871 P2d 127

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant appeals his conviction of burglary in the first degree in case number CA A78493.[1] ORS 164.225. The conviction was based on defendant having stolen approximately $40 worth of empty pop cans from the foyer area of a fraternity house at Willamette University. The issue is whether the fraternity house in this case is a "dwelling," which, under Oregon's burglary statutes, elevates the seriousness of the offense from a Class C felony to a Class A felony. We hold that it is, and affirm.

■     ORS 164.215 provides:

> "(1)   Except as otherwise provided in ORS 164.255, a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a *building* with intent to commit a crime therein.
>
> "(2)   Burglary in the second degree is a Class C felony."

ORS 164.225 provides, in part:

> "(1)   A person commits the crime of burglary in the first degree if the person violates ORS 164.215 *and the building is a dwelling* * * *[.]
>
> "* * * * *
>
> "(2)   Burglary in the first degree is a Class A felony."
> (Emphasis supplied.)

ORS 164.205 provides, in part:

> "(1)   'Building,' in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building.
>
> "(2)   'Dwelling' means a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present."

---

[1] Defendant's probation on a prior conviction was revoked in case number CA A78494. Although the cases were consolidated on appeal, defendant raises no issue concerning the probation revocation.

Thus, dwellings are a subset of the larger category, buildings.

■     Defendant argues that the fraternity house is a building and that only the bedrooms *within* the house are dwellings. He contends that, because he committed theft in the foyer, and not one of the bedrooms, he did not commit first degree burglary.

The term "dwelling" is not limited to the sleeping areas within a structure. For example, in *State v. Haas*, 13 Or App 368, 510 P2d 852, *aff'd* 267 Or 489, 517 P2d 671 (1973), *rev'd on other grounds*, 420 US 714, 95 S Ct 1215, 43 L Ed 2d 570 (1975), we held that the defendant's entry into an unoccupied garage that was attached to a home constituted entry into a dwelling. The fraternity house in this case contains a living room, dining room, bathrooms and a number of bedrooms. It serves as a place of lodging at night for its student occupants. Given these facts, the house fits squarely within the definition of a "dwelling."

Affirmed.