No. 774 August 27, 2025 131

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY JOSEPH JOHNSON,
*Defendant-Appellant.*

Washington County Circuit Court
21CR49170; A179034

Theodore E. Sims, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for first-degree criminal trespass, two counts of stalking, second-degree criminal mischief, two counts of attempted assault of a public safety officer, and two counts of menacing. He raises three assignments of error. We conclude that defendant's first assignment of error challenging the denial of his motion to dismiss is unpreserved and that he has not established plain error as to that assignment or as to his second assignment of error challenging a jury instruction, which he concedes is unpreserved. We do not address defendant's third assignment of error challenging an order that Counts 4 and 6 be served consecutively because we conclude that it is moot given subsequent amendment of the judgment. We therefore affirm.

Because the parties are familiar with the facts of this case, we state only those facts necessary to explain our disposition. In brief, evidence presented at trial showed that defendant entered a retirement community where his ex-romantic partner works and yelled at her through the door of a resident's apartment. Police responded, escorted him out, and instructed him that he would be arrested if he returned. The next day, defendant returned and, while inside, damaged an apartment door. When two officers responded and stopped defendant, defendant kicked both officers, verbally threatened them, and appeared to reach for a knife.

After defendant was arrested and charged with multiple offenses, he was held in jail pending trial for eight and a half months. During that time, he was evaluated and determined to be able to aid and assist in his own defense and was appointed three different attorneys. As a result of those appointments, the trial court twice found good cause to postpone defendant's trial beyond his 60-day statutory right to a speedy trial. Three months before trial—and while represented by his third attorney—defendant personally moved to dismiss his case without citing any legal basis.

*First Assignment of Error.* In his first assignment of error, defendant contends that the trial court erred by denying his motion to dismiss. He argues that he sufficiently preserved his argument on appeal that his 261-day pretrial incarceration

violated his right to a speedy trial under Article I, section 10, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. Alternatively, he asks that we review for plain error. The state responds that defendant failed to preserve his constitutional argument when he moved for dismissal and that he has not established plain error.

We conclude that defendant failed to preserve his constitutional argument for appellate review. Defendant moved to dismiss on the grounds that the state's case was weak, and the court explained that defendant was not entitled to dismissal on that basis and proceeded to set a trial date. Defendant then acknowledged that "[w]e can go to trial in a year from now, but you can't incarcerate me for over 60 days." The trial court had already concluded that defendant's 60-day speedy trial right under ORS 136.290(1) had not been violated because of its findings of good cause. Defendant therefore did not make a constitutional objection to either his pretrial detention or to support his motion to dismiss, let alone one that was "specific enough to ensure that the court [could] identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction [was] warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

We further conclude that defendant has not established plain error because it is not obvious and beyond dispute that the pretrial delay was substantially longer than average, given that his case went to trial within the one-year aspirational standard for timely disposition for 98 percent of felony cases adopted by the Oregon Judicial Conference in 2018. *State v. Olstad*, 218 Or App 524, 530, 180 P3d 114 (2008) (looking to aspirational standards of timely disposition adopted by the Oregon Judicial Conference in 1990); Oregon Judicial Department Time to Disposition Standards for Oregon Circuit Courts 15 (2008), *available at* https://www.courts.oregon.gov/rules/Other%20Rules/E7j99025.pdf (accessed Aug 11, 2025). Nor has defendant established beyond reasonable dispute that the reasons for the delay were attributable to the state, or that he was prejudiced. *State v. Ralston*, 370 Or 414, 425, 520 P3d 866 (2022); *State v. Krieger*, 306 Or App 71, 75-76, 473 P3d 550 (2020), *rev den*, 367 Or 535 (2021). We therefore reject defendant's first assignment of error.

*Second Assignment of Error.* Defendant next contends that the trial court erred by failing to instruct the jury on the definition of "building" because, had it done so, the jury could have found that defendant entered a "building," ORS 164.205(1), but not a "dwelling," ORS 164.205(2), and therefore could have acquitted him of first-degree criminal trespass, ORS 164.255(1)(a). Defendant acknowledges that this claim of error is unpreserved, seeks plain-error review, and asks that we exercise our discretion to correct the error. The state responds that, among other things, any error is not plain because it is at least reasonably in dispute whether a "building" that contains multiple "dwellings" is itself a "dwelling" or only a "building."

We conclude that the error is not plain because it is not obvious and beyond dispute that the common area of a "building" that contains multiple "dwellings" is a "building" only and not also a "dwelling." Indeed, we have held otherwise. *State v. Taylor*, 271 Or App 292, 305, 350 P3d 525 (2015) ("Entry into any part of a building in which people reside at night is entry into a dwelling under ORS 164.205(2)."); *State v. McKoon*, 127 Or App 64, 67, 871 P2d 127 (1994) (holding that entry into the foyer area of a college fraternity house was first-degree burglary because "[t]he term 'dwelling' is not limited to the sleeping areas within a structure"). We therefore reject defendant's second assignment of error.

*Third Assignment of Error.* In his final assignment of error, defendant contends that the trial court erred by ordering the sentence for Count 6 to be served consecutively to the sentence for Count 4. After briefing was completed in this case, defense counsel filed notice that the trial court had subsequently amended the judgment to reflect that the sentence on Count 6 will be served concurrently to Counts 1, 3, 4, and 5. We therefore conclude that this assignment of error is moot and do not address it. *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (explaining that an appellate court will generally not decide moot cases and that "a case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties" (internal citation omitted)).

Affirmed.