No. 323 April 22, 2026 697

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEEGAN P. GARNER,
*Defendant-Appellant.*

Washington County Circuit Court
22CR17065; A183226

Ricardo J. Menchaca, Judge.

Argued and submitted March 3, 2026.

Jedediah Peterson argued the cause for appellant. Also on the reply brief was Weber & Associates LLC. On the opening brief were Ryan T. O'Connor and O'Connor Weber LLC.

Megan Mizuta, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction, following a bench trial, for one count of first-degree sodomy. He assigns error to the trial court's admission of a forensic interviewer's testimony about teenagers' delayed disclosure of sexual abuse that, he contends, impermissibly vouched for the credibility of the complaining witness. We conclude that the error is not preserved, and that, because the challenged testimony was ambiguous vouching, any error in admitting it was not plain. We therefore affirm.

At trial, the state offered the testimony of a forensic interviewer with many years of experience interviewing children. She interviewed the complaining witness, N, who was 14 years old when he disclosed an incident of sexual abuse that occurred approximately seven years earlier, when he was six or seven years old. During redirect examination, the prosecutor asked about the phenomenon of delayed disclosure of child abuse generally. The witness testified that, based on her training and experience, the phenomenon is common and that there are many reasons why a child would delay reporting abuse that they experienced. The prosecutor then specifically asked, "in this case, \*\*\* him trying to suppress that or kind of openly saying that he was trying to suppress that, how did that affect \*\*\* [N's] disclosure process?" Defendant objected "on speculation grounds."

We conclude that an objection "on speculation grounds" does not preserve an argument that the witness impermissibly vouched for N's credibility. To preserve an argument for appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Here, defendant's objection alerted the court that he was objecting to the witness speculating about the reasons for N's delayed disclosure that N did not otherwise discuss in the interview. But an objection on "speculation grounds" indicated that defendant believed the testimony lacked a sufficient evidentiary basis. It did not indicate that defendant believed the testimony impermissibly vouched for

N's credibility, a wholly separate and distinct legal analysis. Because the objection to "speculation" did not raise the issue defendant now raises on appeal, we conclude that defendant's assignment of error is not preserved. We therefore review for plain error.

In the plain-error context, our first step is to determine whether the vouching was ambiguous or unambiguous. *State v. Murphy*, 319 Or App 330, 335, 510 P3d 269 (2022). "If a witness unambiguously vouched, it is plain error not to have stricken the testimony, even absent an objection." *Id*. Conversely, "if a witness's testimony was ambiguous—such that the witness may or may not have been vouching—there is no plain error in not having stricken the testimony *sua sponte*, in part because the lack of objection prevented clarification of the testimony." *Id*. Here, the witness testified:

> "What [N] was describing of trying to push something down, and then at some point, he felt he just had to tell, is something that I hear often with teenagers that have had this response to something that maybe was overwhelming to them.

> "And so they tried to forget about it and forget about it, but at some point, that just doesn't work, and at some point, they feel like they have to tell, or it comes out. It just has to come out because it's—the process of trying not to remember is difficult, more difficult than finally talking about it.

> "I've seen that repeatedly with children that have delayed disclosures for this reason."

Defendant argues that this testimony conveyed the witness's belief that N delayed making the allegations because he had been attempting to suppress the memory of the event, consistent with her experience with delayed disclosure by other children, and that this conveyed her belief that N's report was truthful. *See State v. Brand*, 301 Or App 59, 70, 455 P3d 960 (2019), *rev den*, 366 Or 259 (2020) (testimony crosses into impermissible vouching when it supplants the factfinder's role by connecting the general concept of delayed reporting to the facts of the case and signals the witness's belief in the truth of the allegations).

We conclude that it is ambiguous as to whether that testimony amounted to vouching. The witness did

not explicitly opine on N's veracity or credibility. The witness first summarized statements that N made to her in a recorded interview, which was played for the court. She then explained that his statements were consistent with her experiences with delayed disclosures in general, but she did not go so far as to state that N's delayed reporting indicated that the alleged abuse actually occurred, or that she believed N's report of abuse was truthful. The challenged testimony therefore did not directly provide an opinion on N's truthfulness or on the accuracy of his report. Because the statements were ambiguous as to whether they were vouching, there is no plain error. *See State v. Correa-Sanchez*, 345 Or App 205, 209, 582 P3d 681 (2025).

Affirmed.