No. 466　　　　　May 28, 2026　　　　　135

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHILOH MICHAEL McCONNELL,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR63287; A184938

Sheryl Bachart, Judge.

Submitted April 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of one count of driving under the influence of intoxicants (DUII), ORS 813.010, two counts of recklessly endangering another person, ORS 163.195, and one count of reckless driving, ORS 811.140. On appeal, he relies on *State v. Widerman*, 339 Or App 380, 578 P3d 679, *adh'd to as modified on recons*, 340 Or App 746, 571 P3d 1171, *rev allowed*, 374 Or 419 (2025), to argue that the trial court plainly erred in admitting (1) expert testimony to the effect that, several hours after defendant was involved in a vehicle crash, his blood contained methamphetamine and fentanyl and metabolites of both and (2) a laboratory report stating the same. Like the expert in *Widerman*, the expert had not personally conducted or observed any testing of defendant's blood and instead was relying on others' work and out-of-court statements. Defendant asserts a violation of his rights under Article I, section 11, of the Oregon Constitution and the Confrontation Clause of the Sixth Amendment to the United States Constitution. Assuming without deciding that admitting the evidence was plain error under *Widerman*, we conclude that the error was harmless and, accordingly, affirm.[1]

*Facts.* Defendant was driving his pickup truck on a damp, dark evening, with his girlfriend and her young child as passengers, when the truck crossed the double yellow line, struck an embankment, and tipped onto its side. At the scene, bystanders and law enforcement officers observed defendant exhibiting signs that, according to one of the officers, were consistent with impairment by methamphetamine and fentanyl. Those signs included sleepiness, droopy eyelids, and slow and mumbled speech. Defendant also had trouble remembering his address. Defendant, who had driven only a few miles, told the investigating officer that he had fallen asleep while driving. The officer arrested defendant for DUII and obtained a warrant for a blood draw.

The blood draw took place several hours after the crash. At trial, the state called an expert, Anderson, to testify

_____

[1] In *Widerman*, we held that admitting the evidence violated Article I, section 11, 339 Or App at 384, so that is the assumption that we make here. We did not reach the Sixth Amendment issue in *Widerman*, and defendant does not explain how any error under the Sixth Amendment would be plain under existing law.

about the blood testing, and Anderson's report was admitted into evidence. The upshot of that evidence was that defendant's blood contained methamphetamine, amphetamine (a metabolite of methamphetamine), fentanyl, and norfentanyl (a metabolite of fentanyl). The amount of methamphetamine in his blood was much more than a "therapeutic amount," *i.e.*, what a doctor would prescribe. Anderson testified that there is no precise numerical amount of either methamphetamine or fentanyl that indicates impairment.

Defendant did not dispute at trial that he was impaired when he spoke with the police. He testified that he had taken a capsule of methamphetamine and fentanyl at the crash scene upon learning that the police were on their way, because he knew he would be going to jail and did not want to go sober, which he explained was why he seemed impaired when police spoke with him. But defendant maintained that he had not taken any drugs earlier and was not intoxicated while driving.

The jury found defendant guilty of the charges previously described.

*Standard of review.* Because defendant did not object to Anderson's testimony or the admission of Anderson's report on confrontation grounds, he requests plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If a plain error occurred, we next decide whether it was harmless, as we cannot reverse a conviction based on harmless error. *State v. Ortiz*, 372 Or 658, 671, 554 P3d 796 (2024) ("Under Article VII (Amended), section 3, of the Oregon Constitution, an appellate court may not reverse a criminal defendant's conviction based on an error—whether preserved or unpreserved—that is harmless."). An error was harmless if there is "little likelihood" that it affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Finally, if an error is both

plain and not harmless, we must decide whether to exercise our discretion to correct it. *Ortiz*, 372 Or at 672.

*Analysis.* We assume without deciding that, in light of *Widerman*, the trial court plainly erred in admitting Anderson's testimony and report. We nonetheless affirm defendant's convictions, because the error was harmless on this record.

Defendant admitted in testimony that shortly after the crash he took a quantity of methamphetamine and fentanyl that was intended to impair him and did impair him. Thus, under either the state's theory of the case (defendant took drugs before driving) or the defense theory of the case (defendant took drugs after the crash), methamphetamine and fentanyl would have been present in defendant's blood when it was tested.

In light of defendant's testimony, Anderson's testimony and report that those substances were present in his blood were cumulative, and they addressed a point that was not in dispute. *See Davis*, 336 Or at 34 (treating whether evidence was or was not "merely cumulative" as significant to the harmlessness analysis for an evidentiary error) Although it seems possible that defendant might have chosen not to testify, or might have testified differently, absent the admission of Anderson's testimony and report, that possibility is not reflected in the record, and, under these circumstances, we must consider defendant's testimony in our harmlessness analysis. *See State v. McGinnis*, 335 Or 243, 250, 64 P3d 1123 (2003) ("When a defendant testifies * * * and admits the substance or truthfulness of the matters contained in the erroneously admitted evidence, the facts established by the in-court admissions may eliminate any harm associated with the erroneously admitted evidence."); *see also id.* at 253-54 (noting that an exception applies when the erroneously admitted evidence is a compelled statement). Nothing in Anderson's testimony or report shed meaningful light on the disputed point, which was when defendant took the drugs.

On this record, any plain error was harmless and thus is not a basis to reverse defendant's convictions.

Affirmed.